Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

</div>

---

JOLLY and Another *v.* THE TERRE HAUTE DRAWBRIDGE
COMPANY.

<div style="text-align: right">

| 9 | 417|
|137 | 168|

</div>

The assignment of errors, under the new practice, must be specific—a general assignment is not sufficient.

A ruling of the Court below not excepted to at the time it is made, according to the statute, will not be reviewed on appeal.

Where the giving of a set of instructions, consisting of several distinct propositions, and the refusal of a like set asked by the appellant, were assigned for error, without pointing out any particular objection to any one of the instructions given; and the instructions were not all clearly erroneous; and the evidence was not in the record;—*held*, that the assignment was too general, and that no question was presented.

Where the evidence is not in the record, the ruling of the Court in refusing a new trial, is presumed to be correct.

*Semble*, that where it does not appear that special instructions were asked at the proper time, this Court will presume that they were refused for that reason.

APPEAL from the *Putnam* Circuit Court.

STUART, J.—Trespass on the case, commenced in the *Vigo* Circuit Court, *September* term, 1852. The declaration is conformed to the old practice. Upon change of venue to *Putnam* county, in 1853, the pleadings and issues were made up under the new practice.

The drawbridge company sued *Jolly*, the captain, and *Blinn*, the pilot, of the steamer *American Star*, alleging that, at the time of the injury complained of, the bridge company were the owners and in the lawful possession of the bridge in question, erected across the *Wabash* river, near *Terre Haute;* that the bridge was erected in pursu-

<div style="text-align: right">

*Wednesday,*
*June* 17.

</div>

VOL. IX.—27

Nov. Term, ance of an act of the legislature of *Indiana*, the substantial
1857.   parts of which are set out; that the steamer *American Star*,

JOLLY   belonging to the appellants, in *March*, 1852, through their
v.
THE TERRE carelessness, misdirection, &c., ran against the bridge and
HAUTE   broke and injured it;—laying the damages at 6,000 dollars.
DRAWBRIDGE
COMPANY.    Answer, that the river was at, &c., navigable, and a pub-
lic highway; that the steamer was employed in commerce
on the river; that the bridge was an obstruction to naviga-
tion, and a common nuisance; that the steamer was driven
against the piers by currents, &c., against the will and des-
pite the efforts of the appellants.

Reply, that the bridge was so constructed as to leave the
navigation free, and in a condition, with reasonable care,
to be safely navigated.

This is the substance of the pleadings. Trial by jury;
verdict for plaintiff for 1,750 dollars; motion for a new trial
overruled; and judgment on the verdict.

The record does not purport to contain all the evidence;
nor is there any special case reserved under the 347th sec-
tion, 2 R. S. p. 116.

Five errors are assigned. The first is the general assign-
ment, which has several times been held bad under the
statute. 2 R. S. p. 161.

The second error assigned, is the suppressing the depo-
sitions of appellants, as contained in the bill of exceptions.
This error, if one it be, cannot avail the appellants, be-
cause when the decision was made, they did not except.
It must be presumed they did not intend to rely on that
ruling for error, seeing that the opinion of the Court over-
ruling the motion as to the opening and close is except-
ed to.

By leave of the Court, the appellants had sixty days to
make up and file their bill of exceptions. This was done
within the time. The exception is taken in that bill in
these words: "The defendants except to the opinion of the
Court on the several questions." It might be sufficient to
say, that then, at the close of the case, after the overruling
of the motion for a new trial, it was too late to except to
the opinion of the Court in suppressing the depositions.

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

But after looking into the parts suppressed, we have no hesitancy in saying that they were correctly suppressed. They were partly calling out by defendants themselves, what they had or had not said; partly speculations of the witnesses, which were clearly inadmissible. Other parts consisted of evidence tending to show the good character for care, prudence, and sobriety of *Jolly* and *Blinn.* This question was carefully examined in *Church* v. *Drummond,* at the last term [7 Ind. R. 17]; and it was held that where the character of the defendants was not in issue, evidence was not admissible to sustain it. So that, on the merits, the Court correctly suppressed the depositions.

The policy of adhering to the statutory practice is obvious. Where the exception is taken at the time, the attention of the Court below is arrested before it is yet too late to correct its error, if any there be. *Stump* v. *Fraley,* 7 Ind. R. 679.

The third error assigned, is for refusing the instructions asked by the appellants; and the fourth for giving those asked by the appellees. There are eleven of each. The error assigned, is to the ruling of the Court on each set of instructions collectively. This is not a good exception or assignment under the statute. The assignment of the errors relied upon must be specific. 2 R. S. p. 161, s. 568. And this is the more evident from the practice required in the Court below. Thus, a party excepting to the giving or refusing instructions, should write at the close of each instruction, "refused and excepted to," or "given and excepted to;" which should be signed by the party or his attorney. 2 R. S. p. 112, s. 325. Hence, it is necessary that the exception, and the assignment of error based upon it, should indicate each instruction deemed erroneous, separately.

Again, unless the whole evidence is in the record, or a case is made up under the statute (2 R. S. p. 116, s. 347); or the instructions are clearly erroneous under any hypothesis (*Murray* v. *Fry,* 6 Ind. R. 371); we have time and again decided that we will indulge every presumption in favor of the ruling of the lower Court.

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.
It is said that the instructions were pertinent to the issue. There are some decisions under the old practice where such a mode of presenting questions is seemingly sanctioned. But it was an indolent, and in many respects a vicious practice, not to be encouraged. Such a mode of making up the record cannot be permitted to supersede the statutory practice. 2 R. S. pp. 115, 116.—*Zehnor* v. *Beard,* and numerous late cases.

The labor is thus properly thrown upon the parties, to indicate, in due form, the errors complained of—not upon this Court to search for them.

There *is* another rule of practice neglected by counsel, which is equally fatal to the consideration of the errors assigned upon the instructions refused. It will be seen that the instructions complained of are special, that is, asked by one or other of the parties, as distinguished from general instructions given by the Court, on its own motion. These special instructions must be reduced to writing, numbered, and signed, and delivered to the Court, after the evidence is concluded, and before the argument. 2 R. S. p. 110. The object is, to give the Court time, during the argument, to deliberate upon the instructions, whether they should be given or refused. To deliver them after the argument, especially if they are long and complicated, would be a surprise upon the Court. Hence, when instructions asked are refused, we must presume, in the absence of anything to the contrary properly placed upon the record, that they were not delivered to the Court at the proper time.

The fifth error assigned, is overruling the motion for a new trial. As the evidence is not in the record, the ruling must be presumed correct.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*O. H. Smith,* for the appellants.

*J. P. Usher* and *D. M'Donald,* for the appellees.