Nov. Term, 1857.

GARRIGUS
v.
BURNETT.

---

### GARRIGUS v. BURNETT and Wife.

A deposit by a grandfather in trust for his grandchild of what really belongs to the latter, will be upheld against the grandfather himself and those claiming under him; and the payment of the money back to the grandfather will not discharge the trustee.

A general exception to several distinct instructions is bad, if any one of the instructions is correct.

Wednesday, December 2.

APPEAL from the *Parke* Circuit Court.

STUART, J.— *William Burnett*, and his wife, *Mary*, formerly *Mary Garrigus*, sued *Solomon B. Garrigus* to recover 200 dollars, deposited with the latter in trust for the use and

benefit of *Mary.* The defendant answered by general denial, and the statute of limitations. Jury trial; verdict and judgment for the plaintiffs below. *Garrigus* appeals.

The defendant's motion for a new trial, made at the proper time, was overruled; and the evidence is all in the record.

Several errors are assigned, which, so far as they are well assigned, will be noticed.

1. That the Court erred in overruling the motion for a new trial.

2. That the Court erred in giving instructions to the jury.

The evidence is very voluminous. It presents a state of facts which it is not important should be published. Suffice it to say, that the grandfather of *Mary Burnett,* deposited with his son, the defendant below, 200 dollars, which equitably belonged to *Mary's* mother, *Sarah Garrigus.* After the mother's death, it equitably belonged to *Mary.* When the deposit was made, it was held expressly in trust for the use and benefit of *Mary,* then an infant. The appellant repeatedly admitted his trusteeship in this behalf, and at times offered to pay in articles of property. From the evidence there can be no doubt of the fact and the purpose of the deposit.

This deposit by the grandfather, in trust for the grandchild, of what was really her own, was one which the law will uphold, both against the grandfather himself, as in the case of *Page* v. *Mallet,* 8 Ind. R., 264, or against those claiming under him, as in *Baker* v. *Leathers,* 3 Ind. R. 558. So that the payment of the money back to the grandfather by the trustee, did not discharge him from the trust. That payment was made in fraud of the *cestui que* trust. The suit is properly brought ˚against the appellant; and the evidence sustains the finding and judgment of the Court below.

The second error to be noticed is the instructions given. They were given in the form of twelve distinct propositions. The exception is taken in this form: " To the giving of the said instructions the said defendant objected, but his objec-

Nov. Term, 1857.

tion was overruled; to the overruling of which objection, and the giving said instructions, the defendant excepts," &c.

This mode of excepting to instructions consisting of distinct propositions, is unavailing, if any one of the instructions is correct. *Jolly* v. *The Terre Haute Drawbridge Co.*, at the present term, (1). Here many, if not all the instructions given, were the law, and, taken together, they present the question to the jury very handsomely. Take the 11th for example: "If you believe from the evidence that the money came to the hands of defendant, as trustee of the plaintiff, after her mother's death, and that the plaintiff commenced suit within two years after she came of age, you should find the issue on the statute of limitations for the plaintiff; that statute does not run against infants."

The proper mode of excepting to instructions is pointed out in 2 R. S. p. 112, s. 325, in *Jolly* v. *The Terre Haute Drawbridge Co.*, *supra*, and the cases there cited.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*S. B. Gookins* and *E. S. Terry*, for the appellant.
*J. P. Usher* and *D. H. Maxwell*, for the appellees.

