## JAMES H. DUNHAM et al. v. J. R. HOLLOWAY.

1. INCOMPETENT TESTIMONY—*Waiver of Error.*   Where no exception is taken to the introduction of incompetent testimony, error is waived.

2. PRACTICE —*Exception to Instructions.*   Where the court gives a series of instructions, each of which is separately stated, and the record of the exception reads as follows: "to the giving of which instructions, and each of them, the defendant at the time excepted," *held*, an exception is properly saved for review by the supreme court.

3. COMPLAINT—*Sufficiency of Prayer to Sustain Verdict.*   Where an itemized account, showing the dates when the several items were purchased, and the time when such purchases were to be paid for, is attached to, and made a part of, the complaint, and the prayer of the complaint asks for judgment for the principal sum, together with interest thereon, according as the same may appear to be due from the items of said exhibit, *held*, that such prayer is sufficient to support a verdict for the principal sum, and interest as computed from the date when payment for each of the several items, as set forth in the exhibit, became due, to the date of the verdict.

4. PLEADING STATUTES OF ANOTHER STATE.   If a party to an action wishes to avail himself of the law of another state, which fixes the rate of interest, upon a contract, at a different rate than that fixed by the laws of the territory, he must plead such statute.

5. SUFFICIENCY OF EVIDENCE TO SUSTAIN A VERDICT.   Where a party sues out a writ of attachment and in his affidavit therefor sets forth two grounds for said writ, and evidence is offered in support of both grounds and the jury finds against the defendant upon each of the issues so joined, and such verdict is approved by the trial judge, this court will not disturb the verdict for the reason that the same is not supported by the evidence.

*Petition for a Rehearing.*

*Amos Green & Son* and *C. A. Leland,* for petitioner.

*J. W. Johnson* and *Rogers & Howard,* contra.

The opinion of the court was delivered by

DALE, C. J.: A petition for rehearing has been filed in this case, and the attention of this court has been properly called to the fact that in the consideration formerly given to the matter important testimony contained in the record was overlooked. The statement of facts and assignments of error will not again be fully set out, but commented upon only sufficiently for a proper understanding of the questions discussed. In the former opinion, we held that the trial court was in error in not sustaining the objections of defendant below to the introduction of the depositions of James H. Dunham, John T. Dutcher, Henry Walker and Edwin Davis; that if such depositions had been rightfully excluded, no evidence would appear in the record tending to establish the validity of the amount of the debt sued upon. In this conclusion we erred. In the deposition of Bradley, agent of plaintiff, is found testimony which shows that Bradley, acting for plaintiff below, presented the account of said plaintiff to Holloway, demanded payment therefor, and that the amount of the claim was agreed to by Holloway, and payment refused simply upon the ground of inability to meet the obligation. This testimony is uncontradicted. It appears from the record that Holloway, except by his answer, raised no issue upon the question of indebtedness. The depositions which were by the court below improperly admitted, only go to the question of indebtedness. They nowhere bear upon the issue raised under the attachment proceeding. Consequently, the evidence contained in such depositions was cumulative, and, there being sufficient without them to prove the indebtedness, the ruling of the court below did not prejudice the rights of Holloway. We will now take up the discussion of the assignments of error, not noticed in the former opinion, which are as follows:

1. Error in refusing to allow certain interrogatories in depositions to be read to the jury, and excluding testimony on behalf of defendant.

2. In giving and refusing instructions to the jury.

3. In not setting aside an excessive judgment.

4. Error in that the verdict of the jury on the attachment issue is not supported by sufficient evidence.

I. At the trial, upon objection, the court refused to allow certain cross-interrogatories and answers thereto in depositions to be read to the jury. Witnesses were interrogated by the plaintiff below relative to the residence and whereabouts of defendant and his family, at and about the time of the commencement of the attachment suit. The witnesses testified in effect that Holloway and two of his sons left Fort Worth, Texas, about the middle of September, 1891, and that the other members of his family, consisting of his wife and daughters, remained at and continued to reside in Fort Worth for some time after that date. By cross-interrogatories the witnesses were asked if Mr. Holloway stated when he left Fort Worth in September, 1891, that he intended to make Oklahoma City his home. Which question was answered in the affirmative. This answer was permitted to go to the jury. The witnesses were then asked if they had heard members of Mr. Holloway's family make statements as to their intention of moving to Oklahoma, which questions were also answered in the affirmative. This testimony was excluded, and, we think, correctly. The question of the residence of Mr. Holloway alone was in issue. Proof of the residence of the family was admissible as a circumstance affecting the residence of Mr. Holloway. Beyond this it was not competent for any purpose. Statements made by members of the family as to their intention of changing their abode, were clearly inadmissible, because irrelevant.

Upon an examination of the record we find that

counsel's assignment of error based upon the refusal of the court to allow witnesses to testify as to what Holloway said to them in connection with his efforts to procure a house at Oklahoma City, is not well taken. One of the witnesses was asked to detail the conversation, and an objection to the testimony was offered, and, without ruling upon such objection, the court stated that the fact of his renting a house could be proved. No exception was taken to the statement of the court limiting the proof, and if there is error it was waived.

II. Complaint is made of the instructions given by the court to the jury. The attachment was based upon two grounds, to-wit: That Holloway was disposing of his property with the fraudulent intent to cheat, hinder and delay his creditors, and that he was a non-resident of the Territory of Oklahoma. The instructions of the court relative to the non-residence of Holloway are particularly complained of. After the instructions were prepared, they were numbered and signed by the judge, and following this there appears in the record this entry: "To the giving of which instructions and each of them the defendant at the time excepted." Then appears a full set of instructions which were presented by the defendant and the refusal of the court to give the same, to which action of the court, an exception is saved. It is insisted by appellee that, under the Code of 1890, the appellant has not properly saved his objections to the instructions. We have examined all of the decisions cited in the brief of counsel for appellee and fail to find that an exception taken in the manner of the one under consideration has been passed upon by the supreme court of Indiana. *Elliott et al. v. Woodward*, (18 Ind. 183,) in speaking to this question says: "Where instructions given by a court to a jury consist of several distinct propositions, a general exception to the in-

structions is unavailing, if any one of them is correct."
Citing *Garrigus v. Burnett*, (9 Ind. 528,) to the same
effect   In *Jolly v. The Terre Haute Drawbridge Company*,
(9 Ind. 417,) we find the court has pointed out how
exceptions must be saved in order to make them avail-
able in the supreme court.   Upon this point the court
says :   "It is necessary that the exception, and the
assignments of error based upon it, should indicate
each instruction deemed erroneous, separately."   And
where an objection is made which fails to clearly
designate the instructions deemed erroneous the court
further, in the same opinion, concludes:   "Unless the
instructions are clearly erroneous, under any hypothe-
sis, the case will not be reversed.   All presumptions
are resolved in favor of the trial court and the cor-
rectness of the instructions."   Citing *Murry v. Fry*, 6
Ind. 371.   In *Sherlock et al. v. First National Bank of
Bloomington*, (13 Ind. 73,) the court again places the
same construction upon the code, and particularly
points out how exceptions to instructions must be
taken.   In *Olds v. Deckman*, (98 Ind. 162,) the court con-
strues the identical statute we adopted from that state,
and holds that it is substantially the same as that
which had formerly been in force, and upon which the
decisions heretofore cited were based.   The appellant
is here by bill of exceptions, but the same rule rela-
tive to exceptions to instructions is laid down in
*Short v. Stutsman et al.*, (81 Ind. 115).   As we view the
law and the decisions based thereon, an exception to
an instruction in order to be available in the supreme
court, must be taken at the time such an instruction is
given, and must particularly designate the instruction
excepted to.   But an exception as made in this case,
which objects to all and each of the instructions
given, is, in many of the courts of last resort, held to
be sufficient.   (*The People v. DeFore*, 64 Mich. 693; *A. T.
& S. F. R. R. Co. v. Retford*, 18 Kan. 245.)

Inasmuch as the courts of Indiana have not passed upon the question here presented, we will adopt the view that an exception was properly saved and will consider the same.     Just how much attention we should give to the evidence we are not entirely clear. The original bill of exceptions contained none of the evidence of the witnesses.     But there appears to be a second or substituted bill of exceptions containing all the evidence, and as it will make no difference in the final conclusion reached, we will consider the bill of exceptions containing the transcript of the entire proceedings.     We find, as before stated, two grounds set forth in the affidavit filed as a basis for the attachment—the ground of non-residence, and that of the charge of fraudulently disposing of property with intent to cheat, hinder or delay creditors.     Evidence was introduced tending to support both of these issues.     The two issues were submitted to the jury in the form of special questions, under proper instruction from the court.     The jury found, on both propositions, against the defendant.     There being no issue as to the indebtedness, if the court correctly instructed as to either question raised in the attachment affidavit, no good reason exists for disturbing the verdict.     We are not certain that the court stated the law correctly upon the question of non-residence.     It appears that Holloway was in this territory engaged in the business of merchandising, and that he had no other place of business.     This territory was the place of his residence for that purpose.     In giving his instructions, the court below seemed to take the view that this was not enough to make him a resident in contemplation of the attachment law.     We are not certain that the court correctly stated the law upon this proposition. (*Way v. Way*, 64 Ill. 407; *Williamson v. Parisien*, 1 Johns, Ch. 388; *Frost v. Brisbin*, 19 Wend. 11.)

It would seem that residence and domicile do not

mean the same thing. The court below instructed, in effect, that a man's residence must be at the place of his home. But grant that the court was in error upon this proposition, upon which question it is unnecessary for us to pass at this time, there still remains the further question raised upon the issue of the fraudulent disposition, by Holloway, of his property. The instructions of the court upon this question are not subject to serious criticism. How, then, were the rights of Holloway prejudiced by the error of the court in wrongly instructing the jury upon the question of non-residence? There were two issues decided against defendant upon the attachment. A decision upon either adverse to the defendant below would have been sufficient to carry the verdict. We therefore hold to the view that, where a suit in attachment is based upon two distinct grounds, and a judgment is rendered against a defendant upon both grounds alleged, that error of the court in instructing as to one of such grounds, is not error, such as will warrant a reversal of the case.

III. It is contended that the court erred in instructing the jury that they "need not be unanimous in their verdict, that nine were sufficient to return a verdict." As held by this court since this cause was tried below, such an instruction was erroneous. (*Bradford v. Territory*, 1 Okla. Rep. 366.) But no exception was properly taken to it at the time it was given, and the record fails to show that the jury was polled or that the verdict was returned by a less number than twelve jurors. We cannot, therefore, consider the objection.

IV. It is contended that the judgment was excessive. The sum sued for was $5,004.58, together with interest from the time the same became due, at seven per cent. per annum. The jury returned a verdict in the sum of $5,434.61. The suit was instituted upon an

account and an itemized bill of the goods purchased was attached to and made a part of the complaint, the time of such purchase, and the dates when the several items so purchased were to be paid for was set forth. The prayer of the complaint asked for judgment for the sum of $5,004.58 "with interest therereon according as the same may appear to be due from the items of said exhibit at the rate of seven per cent. per annum." The exhibit so attached to the complaint is as much a part of the same as if incorporated in the complaint. (*Budd v. Cramer*, 14 Kan. 101; *State v. School Dist. No. 3*, 34 Kan. 237.)

By reference to the exhibit for the purpose of ascertaining the date when each purchase became payable, and computing the interest, no trouble is found in determining the exact sum sued for. Therefore, the defendant was fully apprized of what plaintiffs were claiming, and the jury could, by a simple mathematical computation, arrive at a correct conclusion. Such being the case, the verdict was not excessive unless the jury made an error in figuring the interest. We have not examined for the purpose of determining just what the interest on the different sums amounted to from the date they fell due until the time of the verdict, but if there was an excess of interest allowed, the plaintiffs below should be directed to file a remitter.

V. Counsel for appellant insist that interest should be computed at six per cent., as that is the law of the state of New York, the place where the contract was made. Six per cent. may be the rate of interest in the state of New York, but if so counsel should have plead the statute. In the absence of such pleading and proof, we will presume that the rate of interest in the state of New York is the same as in Oklahoma.

VI. As heretofore stated, evidence was offered

upon the trial in support of both grounds set forth in the affidavit for attachment. The jury found against the defendant upon each of the propositions. The trial judge approved the verdict. This court will not set aside a verdict reached under these conditions, upon the ground that it is contrary to the evidence.

The decision heretofore reached in this case is set aside, and the judgment of the lower court if affirmed.

All the Justices concurring.