## SOUTHERN DEPARTMENT.

### PRESENT:

Hon. A. W. DENNISON, Presiding Judge.
Hon. B. F. MILTON,        } Associate Judges.
Hon. M. SCHOONOVER,

The City of Pleasanton v. Sarah P. Rhine.

#### No. 245.

Cities—*Injuries from Defective Sidewalk.*  To make a city liable for injuries resulting from a defective sidewalk, it must appear that the city had notice of the defect, or that it was a patent defect and had continued so long that notice might reasonably be inferred, or that the defect was one which, with reasonable and proper care, should have been ascertained and remedied.  (*Jansen v. City of Atchison*, 16 Kan. 358.

Error from Linn district court; J. S. West, judge. Opinion filed September 22, 1898.  Reversed.

*Blue & Rich*, for plaintiff in error.

*James D. Snoddy*, and *J. H. Martin*, for defendant in error.

The opinion of the court was delivered by

Dennison, P. J.: This action was commenced in the district court of Linn county by the defendant in error to recover from the plaintiff in error, the city of Pleasanton, the damages alleged to have been sustained by her by reason of falling on a defective sidewalk in said city.  The jury returned a verdict for the plaintiff below for the sum of $175, and the court rendered judgment thereon.  The jury also returned the fol-

lowing answers to the special questions submitted to them :

" 2. Was there any apparent defect in the sidewalk upon which plaintiff claims that she was hurt, at the particular place she was hurt, if, in fact, she was hurt?" "No".

" 3. In what respect, if any, was said sidewalk defective at the place plaintiff was injured, if she was injured at the time she claims she was hurt, if she was in fact hurt at the time she claims she was hurt? " "Loose board."

"4. Was said defect, if any existed, so apparent that persons passing near, over or by said sidewalk could readily discover said defect on the 4th day of April, 1891, before plaintiff was hurt, at the place where plaintiff was hurt, if in fact she was hurt? " "No."

" 7. Do you find from the evidence that the mayor or any of the city officers had any notice of the alleged defect in said sidewalk at the particular place where plaintiff was hurt prior to the time that plaintiff claims she was hurt." " No."

" 8. If you find from the evidence that the mayor or any of the officers of said city had any notice of any defect in said sidewalk at the particular place where plaintiff was hurt prior to the time of the alleged injury, state which one of them got said notice, when they obtained such notice, and by what means such notice was given." "None."

" 9. Did said city or the mayor or any of the officers of said city have notice of any defect in said sidewalk at the particular place where plaintiff was hurt, if she was hurt, long enough before the time of the alleged injury to have repaired said sidewalk before said injury happened? " " No."

" 11. If the mayor or any of the city officers had at any time any notice of any defect in said sidewalk at the place where the plaintiff was in fact injured, if she was injured, was said defect promptly repaired upon the receipt of such notice? " " Yes."

" 13. About how far from the corner of Main street

and Seventh street was plaintiff hurt, if she was hurt?"   "Near half way."

"14. Was the place where plaintiff received her alleged injuries at a point on said sidewalk nearer to Main street than to Vine?"   "Yes."

"15. What amount do you find for plaintiff on account of permanent injury?"   "None."

"16. What amount do you find for plaintiff on account of loss of time since her alleged injury?" "None."

"17. What amount do you find for plaintiff on account of physical pain?"   "None."

"18. What amount do you find for plaintiff on account of physician's bills?"   "$100."

"19. What amount do you find for plaintiff on account of money paid out by her for the hire of a nurse for her after her alleged injury?"   "$50."

"20. What amount do you find for plaintiff for medicine purchased by her on account of her alleged injury?"   "$25."

The plaintiff in error filed a motion for judgment on the special findings of the jury, notwithstanding their general verdict.   This motion was overruled by the court and the case is brought here by the plaintiff in error for a review of the order of the court in overruling said motion.   Counsel have filed an elaborate brief citing many authorities on the elementary proposition that, where special findings are inconsistent with the general verdict, the former control the latter, and judgment may be rendered on them, but no authority is cited concerning the extent of the knowledge, if any, on the part of the city officials of the defective condition of the sidewalk necessary to render the city negligent and liable for damages.

"To make a city liable for injuries resulting from a defect in a sidewalk, it must appear, either that the city had notice of the defect, or that it was a patent defect and had continued so long that notice might

reasonably be inferred, or that the defect was one which with reasonable and proper care should have been ascertained and remedied." (*Jansen v. City of Atchison*, 16 Kan. 358.  See also *Riggs v. City of Florence*, 27 Kan. 194; *City of Salina v. Trosper*, id. 545; *City of Emporia v. Schmidling*, 33 id. 485, 6 Pac. 893; *Kansas City v. Bradbury*, 45 id. 381, 25 Pac. 889.)

The defendant in error has filed no brief.  The plaintiff in error was entitled to judgment on the special findings.  The judgment of the district court is reversed, and the case remanded with instructions to render judgment in favor of the city on the special findings.