## J. A. Betz v. W. W. Wilson.

(Filed September 6, 1906.)

1. **PLEADING AND PRACTICE—Statutes of Limitation.** Where the pleadings on their face, do not show the cause of action to be barred by the statute of limitation, the statute is not available as a defense to the action unless it is specially pleaded.

2. **SAME—Usury—Foreign Laws—Presumption.** Where a party desires to avail himself of the usury laws of another state, he must plead and prove the laws of such state; and in the absence of such pleading and proof the court will presume the laws of such state are the same as the laws of this territory.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before John H. Burford, Trial Judge.*

*J. B. A. Robertson,* for plaintiff in error.

*Hoffman & Embry,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by the defendant in error, W. W. Wilson, plaintiff in the court below, against F. L. Fackler and J. A. Betz, to recover a balance alleged to

be due on a promissory note executed by the defendants to the plaintiff in the state of Iowa. No service was had on the defendant Fackler, and the issues between the plaintiff and the defendant J. A. Betz were tried to a jury, and at the conclusion of the evidence the court sustained a motion to direct a verdict in favor of the plaintiff, and judgment was rendered for the plaintiff for the sum of $304. From this judgment the defendant Betz appeals.

It is contended that the court erred in holding that the defendant's amended answer was not properly verified. There was no error in this ruling of the court. The verification purported to have been taken by T. A. Neal, clerk of the district court, but the evidence clearly and conclusively established that the jurat to the purported oath was not signed by T. A. Neal; that it was merely attached by the typewriter, and that no oath was, in fact, administered to the defendant. The plaintiff in error was present at the time of the ruling of the court on this question, and he did not ask leave of court to verify the amended answer. Had he desired to put in issue the execution of the note, he should have obtained leave of court to verify his amended answer. Having failed to do so, he clearly waived his right to put in issue the execution of the note.

It is contended that the court erred in overruling the defendant's demurrer to the evidence, on the ground that the action was barred by the statute of limitations. This objection is not tenable, for the reason that the defendant failed to plead that the action was barred by the statute of limitations, and since it did not appear on the face of the petition that the action was barred, it could not be raised by demurrer to the peti-

tion, or by demurrer to the evidence, and was not available as a defense. Where the statute of limitations is relied upon as a defense to an action, it must be pleaded, unless the action appears to be barred upon the face of the petition.

In *Chellis v. Coble*, 15 Pac. 505, the supreme court of Kansas held that where the pleadings do not on their face show that the cause of action, or the relief sought. is barred by the statute of limitations, the statute must be specially pleaded, in order that it may be available as a defense to the action.

In *Mitchell v. Ripley*, 49 Pac. 153, it is said:

"The question of statutory bars is a matter of defense, and, unless the pleadings show upon their face that the cause of action cannot be maintained, they must be specially pleaded."

In *Davis v. Millikan*, 54 Pac. 512, it was said:

"The statute of limitations was not pleaded, and therefore was not available as a defense. We hold that this question was not raised by the demurrers to the evidence."

It is next contended by the plaintiff in error that the note was usurious under the laws of the state of Iowa, and that therefore the court erred in sustaining the motion to direct a verdict. It appears that the note sued on in this action was executed in the state of Iowa, and it bore interest at the rate of eight per cent, per annum until maturity, and after maturity it provided that it should bear interest at the rate of ten per cent. per annum. But this defense was not available to the defendant, for the reason that he failed to plead the usury laws of the state of Iowa. Before the defendant could avail himself of this defense, it was necessary to plead and prove

the statutes of the state of Iowa. And where a party fails to plead the statutes of another state, the court will presume the laws of such state are the same as the laws of this territory. *Greenville National Bank v. Evans-Snyder-Buel Co.,* 9 Okla. 353.

The defendant failed to plead or prove a defense to the plaintiff's cause of action, and hence the court properly sustained the motion of the plaintiff to direct the jury to return a verdict for the plaintiff. We find no error in the record which would justify a reversal of this cause.    The judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.