**ARNOLD et al v. WITTIE et al.**

No. 12445—Opinion Filed May 27, 1924.

**Chattel Mortgages—Conditional Sales—Filing in Another State—Effect Where Property Removed to Oklahoma.**

Where mortgaged property, or property held by the vendee under a conditional sale contract, is brought into and permanently located in any county in this state, and the mortgage or conditional sale contract has been executed and recorded according to the laws of another state, the mortgage or vendor will be protected as against creditors of the mortgagor or vendee for a period of 120 days; but such registration in another state ceases to be constructive notice after the expiration of 120 days from the time the property is permanently located in such county.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by M. L. Arnold and others against the First National Bank of Mangum and others. Judgment for the defendant First National Bank, and plaintiffs appeal. Affirmed.

R. L. Holmes, C. G. Yankey, W. E. Holmes, D. W. Eaton, and W. B. Garrett, for plaintiffs in error.

H. M. Thacker, for defendant in error First National Bank.

Opinion by RAY, C. Plaintiff, claiming ownership under a conditional sales contract, commenced this action of replevin against the First National Bank of Mangum, mortgagee in possession. to recover the possession of an automobile. The case was tried on the following statement of facts:

"The plaintiff and defendant stipulate and agree that the following is the undisputed facts in this case:

"That the plaintiff sold the Dodge car which is the subject of this replevin action to Frank Wittie for $500 and took a note for $500 dated at Eldorado, Kan., May 27, 1919, signed by Frank Wittie for the car and that the same was filed in the office of the register of deeds in Butler county, Kan., on that day where the car was then located; that Frank Wittie moved to Mangum, Okla., on or about June 1, 1919, and brought the car with him; that one payment of $75 was made on the note given as above made June 24, 1919; that on the 22nd day of August, 1919, the First National Bank of Mangum, Okla., for value, to wit: a loan of $916.37

took the chattel mortgage attached to its answer under which it claims the car and that the same was filed in the office of the county clerk of Greer county, Okla., on the 29th day of August, 1919; that the First National Bank had no actual knowledge of the plaintiff's claim under its mortgage when they took the mortgage, nor was the plaintiff's mortgage ever filed or recorded in Greer county, Okla., until this suit was filed; that the First National Bank acted in good faith in taking its mortgage; that on October 7, 1919, Clay Hall, an automobile repair man of Mangum, Okla.. filed a claim of lien statement in the office of the court clerk of Greer county, Okla., together with a statement of his account attached thereto and which lien statement claim and account is submitted to this court for its consideration as to its validity, and which claim is in the total sum of $377.66, and which sum was paid by the plaintiff, The Arnold Automobile Company, to the said Clay Hall; that said claim of lien was released on October 17, 1919, by the said Clay Hall; that the First National Bank had no actual knowledge of the alleged claim or lien on the part of Clay Hall at the time it took its mortgage above set forth; that on or about the 15th day of October, 1919, The First National Bank went into peaceable possession of the car on the order of Frank Wittie and by the consent of Clay Hall and had possession of the car when served in this action with the replevin writ and made a redelivery bond and retained possession of said car, and that said car was advertised by the First National Bank as provided by statute and sold under the terms of its mortgage.

"It is agreed further that the defendant Frank Wittie had kept said car in Greer county, Okla., during all of the time commencing on or about June 1, 1919, up to the time that the First National Bank took possession of the same.

"It is agreed that all the exhibits attached to the petition be considered in evidence as well as the replevin affidavit, replevin bond, replevin writ and redelivery bond."

One of the exhibits referred to is the contract on which plaintiffs rely which they contend is a conditional sales contract, but which the defendant contends is a chattel mortgage. In our view of the law it is not material whether the instrument be held to be a conditional sales contract or a chattel mortgage for the reason that the registration laws governing the registration of chattel mortgages is applicable to and controls the registration of conditional sales contracts. The automobile was delivered, the instrument executed and recorded in the state of Kansas. As the law of that state has not been pleaded or proven we will as-

sume the Kansas law to be the same as the applicable law of this state. Section 8551, Comp. Stat. 1921, relating to conditional sales contracts, is as follows:

"Any instrument in writing, or promissory note, evidencing the conditional sale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept; and when so deposited, it shall be subject to the law applicable to the filing of chattel mortgages; and any conditional, verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

Under this section a conditional sales contract is void as against creditors and mortgagees unless the original or an authenticated copy thereof is filed in the office of the register of deeds, now county clerk, "and when so deposited it shall be subject to the law applicable to the filing of chattel mortgages." The applicable sections, relating to the registration of chattel mortgages, are as follows:

"Sec. 7650. A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated. * * *

"Sec. 7651. The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this state, or from one county to another, and previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

It will be observed that under section 7650 a chattel mortgage is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers unless the original or authenticated copy thereof is filed with the county clerk of the county where the mortgaged property, or a part thereof, is at the time situated. The registration of the conditional sales contract imparts notice to purchasers and creditors to the same extent and with the same effect as does the registration of a chattel mortgage. Shafer v. National Cash Register Co., 16 Okla. 117, 82 Pac. 646. It being conceded that the instrument was not recorded in Greer county where the property was permanently situated it is void as against the claim of the defendant unless it be held that by the comity between the states the courts will protect the vendor under a conditional sales contract, or the mortgagee under a chattel mortgage, executed and recorded according to the laws of another state, to a greater extent than they will protect such vendors or mortgagees where the contract is executed in this state. For whether it be a conditional sales contract or chattel mortgage, when executed in this state it is void as against the claims of creditors, purchasers, and incumbrancers unless recorded as required by these statutes. It is contended, however, that under the law as declared in the case of Greenville National Bank v. Evans-Snyder-Buel, 9 Okla. 353, 60 Pac. 249, that the registration of the instrument in this state was not essential to plaintiffs right to recover. In that case the court said:

"By the comity of states the courts in Oklahoma will recognize and enforce a contract which is valid in the state or territory where executed, unless it is in violation of a positive statute of this territory or against the general policy of the laws thereof; and as there is no statute in Oklahoma for the filing of a mortgage executed in another state or territory at a time when the property covered thereby is situated in such state or territory, a mortgage executed in another state or territory on property located therein and duly filed according to the laws of such state or territory, is valid after such property is brought into Oklahoma without being filed in the office of the register of deeds of the county into which the property is brought, and the mortgagee has the same rights under his mortgage that he would have in the state or territory where the property was originally located, unless the mortgage under the laws of the state where executed conflicts with the rights of a citizen of this territory under some statute in force herein, in which event the laws of this territory will prevail over those of the place where the contract or mortgage was made."

It will be observed that it was pointed out that there was no statute in Oklahoma which provided for the filing of a mortgage executed in another state or territory at a time when the property covered thereby was

situated in another state or territory, and such was the case at the time that opinion was written, but in the revision of the statutes of 1910 the proviso, now a part of section 7651, was inserted. The committee on revision made this note: "Proviso inserted regarding refiling of mortgage when property is moved to another county to avoid hardships on bona fide purchasers in the new situs of the property." By the language of the proviso the law is recognized to be as laid down by Burwell, Justice, in the Greenville National Bank Case, but places a limitation upon the time in which the registration in another state shall constitute constructive notice in this state after the mortgaged property is moved into this state. It fixes a definite period of time beyond which the mortgagee will not be protected unless the mortgage is refiled in the county in this state where the mortgaged property is permanently located. It provides that the previous filing shall not operate as notice as against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, but such mortgage must be filed in the county to which the chattel is removed and in which it is permanently located.

It is contended that because the mortgage under which the defendant seeks to hold the car was executed within the 120 day period after the property was permanently located in Greer county that the mortgage was void as against the claims of the plaintiffs, but we think the time of the execution of the mortgage is not controlling. With the expiration of the 120 day period the Kansas registration ceased to be constructive notice and thereafter plaintiffs were in the position of the holder of an unrecorded chattel mortgage. The defendant, after the 120 days in which the defendant had constructive notice of plaintiffs claim had expired, took possession, in good faith, and with the consent of the vendee, to foreclose its mortgage. We think that was a rightful possession and not in violation of any of the rights of the plaintiffs, and being in the rightful possession as a mortgagee without notice, its right of possession was superior to that of the plaintiffs.

The itemized lien claim is not incorporated in the record and sufficient facts are not stated to constitute a lien on the automobile of Clay Hall. It is not made to appear by the agreement when the services were performed or the material furnished, at whose instance the repairs were made, or whether made before or after the mortgage was executed to the defendant.

The judgment should be affirmed.

By the Court: It is so ordered.