## HINDS et al. v. ATLAS ACCEPTANCE CORPORATION.

No. 26803.  Nov. 17, 1936.

Rehearing Denied Dec. 22, 1936.

W. M. Caudill and S. A. Wilkinson, for plaintiffs in error.

Hayes, Richardson, Shartel, Gilliland & Jordan and George Miller, for defendant in error.

BUSBY, J.  This case is presented to this court on appeal from a judgment of the court of common pleas of Oklahoma county. It was instituted in the lower court on the 8th day of February, 1935, by J. C. Hinds, as plaintiff, against A. W. Wilson, as defendant.  Plaintiff's action was based upon alleged fraud and deceit asserted to have been practiced upon him by the defendant, a nonresident of the state of Oklahoma. At the commencement of the action an automobile was attached under process of the trial court.  On March 8, 1935, the cause was tried to a jury in the trial court and resulted in a verdict in favor of the plaintiff in the sum of $261.30.  In the meantime F. M. Taber filed another suit in the trial court against A. W. Wilson and also against W. Elmer Jones and Russell Shepherd.

The same automobile was seized under another attachment issued at the commencement of that action.  It is not clear from the record before us whether a final judgment was ever obtained in the suit commenced by Taber.

After the judgment had been obtained in the case commenced by J. C. Hinds, the Atlas Acceptance Corporation, a Utah corporation, filed its interplea in the action asserting its right to possession and special ownership of the automobile by virtue of a conditional sales contract executed by itself, as seller, and A. W. Wilson, as purchaser.  This conditional sales agreement was alleged to have been executed on August 21, 1934, at Salt Lake City, Utah.  A similar interplea was filed in the action commenced by F. M. Taber.  By order of the trial court the two actions were consolidated for the purpose of trial to determine the rights of the interpleader

On June 3, 1935, the cause was tried to the court without the intervention of a jury. At the close of the evidence offered by the Atlas Acceptance Corporation, J. C. Hinds and F. M. Taber demurred thereto.  The demurrer was overruled.  The challenging parties elected to stand upon their demurrer, whereupon judgment was entered in favor of the interpleader.

In the petition in error the names of J. C. Hinds and F. M. Taber are both inserted as plaintiffs in error.  In its brief the Atlas Acceptance Corporation points out, however, that J. C. Hinds alone and acting individually procured extensions of time in which to prepare and serve case-made and that such essential extensions of time were not procured for or on behalf of F. M. Taber. These complaints are in the nature, though not in the form, of a motion to dismiss the

appeal as to F. M. Taber. The motion, being well taken, is sustained.

Our consideration of the merits of this case is thus limited to the controversy between J. C. Hinds and the Atlas Acceptance Corporation. In presenting the appeal to this court Mr. Hinds contends, in substance, first, that it was improper to permit the Atlas Acceptance Corporation to interplead in the action commenced by him after he had obtained a judgment; second, that the trial court committed error in consolidating the two actions for the purpose of trial upon the interplea; third, that the trial court erroneously permitted the interpleader to prove the law of Utah with reference to the recording of conditional sales contracts on automobiles in the absence of a pleading setting forth such law, and that the only proof offered upon the subject was that of a lay witness who was incompetent to testify to the same.

In response to these respective contentions, the defendant in error, Atlas Acceptance Corporation, submits the cause and briefs the case upon the following three counterpropositions:

"(a) The Atlas Acceptance Corporation properly interpleaded.

"(b) There was no error in consolidating the causes.

"(c) **The Utah law governs and is controlling and conclusive in favor of the interpleader."**

We shall pass for the present the first two contentions on the part of Mr. Hinds and the corresponding counterpropositions on the part of the Atlas Acceptance Corporation.

It will be seen that under counterproposition (c) we are asked to affirm the judgment and decision of the trial court solely upon consideration of the law of the state of Utah. It is asserted that under that law it was unnecessary for the interpleader to file its conditional sales contract in the office of the county clerk in order to render it valid as against innocent purchasers or creditors of the vendee, as it is required under the laws of this state under section 11906, O. S. 1931. It is contended that the only filing permitted or required in the state of Utah of such instruments is the production and exhibition thereof to the State Tax Commission of that state.

In the trial of this case it was established by the evidence that the instrument in question was not otherwise filed. It was stipulated between the parties that the automobile herein involved was first brought into this state on January 22, 1935, less than 30 days prior to the time it was subjected to attachment. It is contended, and as we understand the briefs conceded, that it was unnecessary by reason of the short time which elapsed subsequent to the arrival of the automobile in this state that the contract should have been refiled in this state in order to protect the seller, provided the contract had been properly filed in the state of Utah. This by virtue of section 11279, O. S. 1931, considered in conjunction with section 11906, O. S. 1931. See Arnold et al. v. Wittie et al., 99 Okla. 236, 227 P. 132.

J. C. Hinds, the plaintiff in error, asserts that if the laws of the state of Oklahoma were applied to this transaction, his rights in the automobile as an attaching creditor would be superior to those of the seller under the conditional sales contract. This assertion is not disputed in the brief of the Atlas Acceptance Corporation. We therefore treat this contention as conceded and refrain from a discussion thereof.

This brings us to a consideration of the question: Are the laws of Utah properly before us for consideration in support of the judgment of the trial court?

The question: What is the law of a sister state? is a question of fact as distinguished from a question of law, and the statutes of another state must be pleaded in order to be proved. Dunham et al. v. Holloway, 3 Okla. 244, 41 P. 140; Mansur-Tebbetts Imp. Co. v. Willet, 10 Okla. 383, 61 P. 1066; Betz v. Wilson, 17 Okla. 383, 87 P. 844. See, also, Arnold et al. v. Wittie, supra.

In the absence of such pleading and proof the laws of sister states, including its general statutes, are presumed to be the same as the laws of this state. 22 C. J. 151, et seq. This presumption was applied by this court to usury statutes in the case of Betz v. Wilson, supra, and to statutes requiring the filing of conditional sales contracts in the case of Arnold v. Wittie, supra. It is applicable to this case unless the statutes of Utah are properly before us for consideration. If applicable, it determines the appeal by reason of interpleader's failure to dispute that upon application of the law of this state, Hinds should prevail.

An examination of the pleadings of the Atlas Acceptance Corporation discloses that, while it is therein asserted that the contract was executed in Utah, there is no allusion to the law of Utah as established by legis-

lative enactment or judicial interpretation. The law of Utah was not pleaded. An examination of the proof in this case discloses that the only effort to establish that the law of Utah is any different from our own was by the testimony of a lay witness, one John B. Burnham, treasurer of the Atlas Acceptance Corporation, who, over the objection of Mr. Hinds, both as to his competency as a witness and the propriety of the proof in the absence of pleadings, was permitted to give his version or interpretation of the law of Utah. The method of proving the statutory enactments of a sister state is controlled by section 319, O. S. 1931. There is no authority contained in that section or under the general law of this state for making such proof through the oral testimony of a lay witness. The objection of the plaintiff in error, Hinds, to this proof should have been sustained.

The Atlas Acceptance Corporation contends that this error on the part of the trial court was waived by the plaintiff, Hinds, when counsel for Hinds on cross-examination re-examined the witness upon the same subject. In support of this contention our attention is called to the case of St. L.-S. F. Ry. Co. v. Eakins et al., 141 Okla. 256, 284 P. 866, in which the following rule was announced in syllabus 8 by the court:

"Ordinarily, error cannot be based upon the admission of testimony elicited on cross-examination, as in the instant case, concerning a matter brought out on direct examination by the complaining party."

The rule of law thus invoked is not at all applicable to this case. It involves exactly the reverse of the situation herein presented. There the complaining party on direct examination brought out the objectionable testimony. He then complained of his adversary re-examining the witness upon the same subject-matter upon cross-examination. The substance of the holding in that case was that the complaining party having first entered the forbidden field, he could not complain that his adversary on cross-examination also entered that field. This distinction is pointed out in the body of the opinion in that case in the last paragraph thereof. In the recent case of Gaines Bros. v. Gaines, 176 Okla. 576, 56 P. (2d) 869, this court had under consideration a similar ruling in connection with the propriety of cross-examining concerning transactions with a deceased. We therein said:

"It is to be noted that the rule recognized in the foregoing decisions is stated in language which intimates that one who objects to the competency of a witness cannot thereafter cross-examine such witness on the subject-matter of his testimony without waiving his prior objection. Such intimation results from an unfortunate use of language and is incorrect. The cross-examination of a witness as to transactions or conversations with a deceased person does not amount to a waiver of the incompetency of such witness, where the cross-examination is confined to matters brought out on direct examination. But where the cross-examiner himself first enters the forbidden field, his adversary may pursue the inquiry on direct examination, and similarly a party who opens such an objectionable inquiry on direct examination cannot complain that his adversary pursues the same line of inquiry on cross-examination. In other words, the party who first elicits information from an incompetent witness cannot complain of a similar inquiry on cross-examination or redirect examination by his adversary. See Annotations 64 A. L. R. 1158 et seq."

The right to cross-examine the witnesses of an adversary is one of the most important rights recognized in jurisdictions deriving their law from common-law sources. A party who makes timely and proper objection to the competency of a witness or the propriety of the proof offered by his adversary, which objection is erroneously overruled by the court, is not thereby precluded from exercising his right to cross-examine upon the subject-matter of the testimony wrongfully and erroneously admitted in evidence. He does not by doing so waive his right to predicate error upon the wrongful admission. A holding to the contrary would unduly intimidate litigants in the proper exercise of a valuable right accorded under American jurisprudence. The plaintiff in error in this case did not cure or waive the error by exercising his right of cross-examination.

The defendant Atlas Acceptance Corporation does not in this case make the argument or otherwise urge that, since the recording and filing acts of this state are for the benefit of subsequent innocent purchasers and creditors, the burden was on the plaintiff Hinds, to plead and prove that he fell within that class. Nor does it assert or urge that it was unnecessary for it to plead or prove the law of the state of Utah until the above suggested proof had been offered by the plaintiff in error. It is not our purpose in making these observations to criticize counsel for omissions in presenting their case, nor to intimate that the result might have been otherwise had these questions been presented. We merely call attention to the absence of these questions so that this decision

will not be considered as precedent upon questions not herein considered.

The Atlas Acceptance Corporation does urge that the plaintiff in error, Hinds, should have raised the question of failure to plead by filing a motion to require them to plead the statute of the state of Utah. This argument tacitly admits that their pleading should have referred to the laws of our sister state, but proceeds upon the theory that it was the duty of opposing counsel to call their attention to the oversight. We know of no rule of law nor is any cited in the brief which would require a party to litigation to supply an entire omission in his adversary's pleading. We do not think any legal duty rested upon Hinds to suggest to the Atlas Acceptance Corporation that the laws of Utah were more favorable to it than the laws of Oklahoma. Consequently it was not incumbent upon Hinds to suggest to the opposite party to this litigation that such law should be pleaded.

Since we are asked to affirm the judgment solely upon the theory that it is supported by the laws of Utah, and since those laws are not properly before us for consideration, it follows that the judgment of the trial court must be reversed and remanded for a new trial.

On subsequent hearing of this case it is unlikely there will be any consolidation by reason of the failure of F. M. Taber to properly perfect his appeal. It is therefore unnecessary for us to consider the propriety of the order of consolidation in the trial court.

The contention of the plaintiff in error, Hinds, that the Atlas Acceptance Corporation could not enter the litigation after judgment for the purpose of claiming its property is without merit. See Hockaday et al. v. Drye, 7 Okla. 288, 54 P. 475; Farmers State Bank of Newkirk v. Hess, 138 Okla. 190, 281 P. 305. See, also, D. M. Osborne & Co. v. E. Hughey et al., 14 Okla. 29, 76 P. 146.

Reversed and remanded.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.