## HINDS v. ATLAS ACCEPTANCE CORPORATION.

No. 28173.    April 26, 1938.

Rehearing Denied June 7, 1938.

S. A. Wilkinson and W. M. Caudill, for plaintiff in error.

Bohanan & Adams and George Miller, for defendant in error.

DAVISON, J. This action was instituted in 1935 in the common pleas court of Oklahoma county, by J. C. Hinds, as plaintiff, against A. W. Wilson, as defendant. The plaintiff based his action upon the fraud and deceit alleged to have been practiced

upon him by the defendant in selling him certain vending machines. When the plaintiff had filed his action, attachment was asked for and issued and the defendant's automobile was seized under the process of the court.

The cause was tried to a jury, resulting in a judgment of $261.30 in favor of the plaintiff. Before proceedings had been completed in the attachment against the automobile, the Atlas Acceptance Corporation, a Utah corporation, filed its interplea in the action asserting its rights of ownership to the automobile by virtue of a conditional sales contract executed by itself and the defendant Wilson, whereby the said corporation, or its assignors, had sold the automobile to defendant Wilson. Issues were joined, a jury waived, and the attachment feature of the case was tried, resulting in a judgment for the interpleader. The plaintiff appealed and the judgment was reversed by this court, principally upon the ground that the laws of Utah, upon which the interpleader relied as controlling, relative to sales and sales contracts pertaining to the sale of the automobile, had not been pleaded nor proven in the trial of the cause. A new trial was granted. 178 Okla. 474, 63 P.2d 29.

On the second hearing, before a jury, the interpleader amended the allegations of his interplea so as to plead the statute of Utah and its requirements relative to recording and filing conditional sales contracts and other instruments such as here considered. At the hearing, the interpleader introduced the Utah statute and its Supreme Court decisions interpreting the same relative to the taking, filing, and recording of the kind of instruments here involved. Various testimony was introduced, including oral testimony, certificate of title and sales contract. Testimony was introduced to prove the execution of the instruments in controversy in Salt Lake City.

At the close of the testimony of the interpleader, the plaintiff interposed a demurrer to the evidence of the interpleader. The interpleader filed its motion for a judgment upon the pleadings, and a second motion upon the evidence introduced and asked that the jury return a verdict for the interpleader.

Thereupon, the court announced that after hearing the evidence, the questions presented were purely matters for interpretation and determination by the court and not a jury question. Thereupon, the court excused the jury, overruled the plaintiff's demurrer, and sustained the motion for the interpleader,

holding that the sales contract in the state of Utah is an existing valid sales contract and a prior lien upon the automobile involved. The plaintiff, J. C. Hinds, had asked the court to allow him to introduce additional evidence. The defendant was now informed that he might make an offer of what he expected to prove by the evidence. The plaintiff made an extended statement as to the nature of the evidence to be introduced. The interpleader objected to the introduction of the evidence suggested, on the ground that it did not state any defense to the evidence already introduced. The court sustained the objection and entered judgment for the interpleader. Plaintiff has appealed.

The plaintiff has presented various assignments of error, which have been very indefinitely treated in his brief.

The record in this case shows the ownership of the automobile in controversy in the defendant Wilson and that he took the automobile to the place of business of J. B. Burnham Company, in Salt Lake City, Utah, on August 21, 1934; that Wilson executed a bill of sale to the Burnham Company, which became the owner of the automobile; that the Burnham Company entered into a conditional sales contract with the defendant Wilson by which title, ownership, and right to possession of the automobile was in and remained in said Burnham Company and its assignee, the Atlas Acceptance Corporation, the interpleader herein.

The execution of the bill of sale, the conditional sales contract, and other instruments set up in the interpleader's amended interplea, and relied upon, were not denied by the plaintiff's response.

The record further shows that the execution of the conditional sales contract and other conveyances mentioned and relied on herein were executed within the provisions of and protected by the laws of the state of Utah; that the automobile in controversy was a transient automobile in Oklahoma and had not been in the state a sufficient length of time to require the filing in the office of the county clerk of the contract of the interpleader evidencing the ownership and right of possession as required by the laws of Oklahoma (sections 11279, 11906, O. S. 1931; Arnold v. Wittie, 99 Okla. 236, 227 P. 132).

We must, therefore, conclude that the plaintiff had no right to attach the car in the first instance, and the court properly so held. The only questions in dispute were questions of law. The additional evidence

proposed by the plaintiff tended to prove no issue of law or fact in issue before the court, and the court properly excused the jury from the further consideration of the cause and refused further introduction of testimony.

The plaintiff emphasizes the contention that the interpleader, or assignor, must show an actual and continued possession of the automobile as required by section 10008, O. S. 1931, before good title to same could vest in the purchaser. The rights of ownership here considered are the rights arising out of a conditional sales contract under the law of Utah and have nothing to do with the transfer of personal property under the laws of Oklahoma. In Skid Evans, Inc., v. Patten, Sheriff (Utah) 1 P.2d 959, that court held:

"Terms of conditional sales contract will be given effect between parties and as to third persons, although possession of property is given to buyer."

And said:

"It has long been the established law in this state that the terms of a conditional sales contract, wherein the ownership and title to property is retained by the seller, will be given effect as between the parties and as to third persons, although the possession of the property is given to the purchaser." Citing many authorities.

The trial court committed no error in overruling the plaintiff's demurrer to the evidence of the interpleader, nor in rendering judgment for the interpleader. The court committed no error in overruling plaintiff's motion for a new trial. We think the judgment of the trial court is correct, and the same is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.