## CUNNINGHAM v. PONCA CITY.

### No. 656. Opinion Filed January 10, 1911.

1. **EVIDENCE—City Ordinances—Admissibilty—Harmless Error.** An ordinance of a city, when certified under the hand of the proper officer, and having the corporate seal of such city affixed thereto, may be received in evidence.

(a) Courts, in civil actions, will not take judicial notice of such ordinance.

(b) The erroneously receiving such ordinance in evidence, it affirmatively appearing that it did not influence the finding of the court, was without injury, and therefore not reversible error.

2. **APPEAL AND ERROR—Review—Dissolution of Injunction— Discretion.** The dissolution of an injunction is largely a matter of judicial discretion, to be determined by the facts of each particular case; and, except in cases of palpable abuse of such discretion or a clear showing of error on the part of the trial court, the reviewing court will not interfere with or in any manner control this discretion.

3. **EMINENT DOMAIN—Municipal Corporations—Sewerage Outlet.** Under section 3330, Comp. Laws 1909 (Session Laws 1907-8, p. 261), any city is empowered to condemn lands in like manner as railroads for right of way, outlet, or outfall for its sewerage system.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by W. E. Cunningham against the city of Ponca City. Judgment for defendant, and plaintiff brings error. Affirmed.

*L. A. Maris* and *H. B. Martin,* for plaintiff in error.
*E. M. Catron* and *W. K. Moore,* for defendant in error.

WILLIAMS, J.   A temporary injunction was issued by the county judge of Kay county, in the absence from said county of the district judge, enjoining the defendant in error from entering upon certain land of plaintiff in error and attempting to appropriate any part of it for sewer, sewer outlet, or sewer outfall purposes, or from emptying its sewerage into a certain creek thereon.   After a hearing, the district court found that said "temporary injunction ought not to have been issued" and dissolved the same.   On said hearing a copy of an ordinance, which was not certified to and which was passed by the defendant in error subsequent to the issuance of the temporary injunction, over objections and exceptions, was admitted in evidence.

It is contended that such ordinance, neither having been certified under the hand of the proper officer nor having the corporate seal of such municipality affixed thereto, should not have been received in evidence.   This contention is well taken.   Section 4566, Wilson's Revised & Ann. Stat. 1903; section 5899, Compiled Laws 1909; and section 4269, Stat. Okla. Ter. 1893; *Watt v. Jones,* 60 Kan. 201, 56 Pac. 16.   However, as it was enacted subsequent to the issuance of the temporary injunction, and the court found that the temporary injunction ought not to have been issued, its admission in evidence could not have influenced this finding of the court.   Therefore its admission in evidence was error without injury, and not reversible error.

The temporary injunction dissolved by the trial court restrained the city in a public improvement for the betterment of its sanitary condition.   An improvement of such public importance should not be suspended when the complaining party has an adequate remedy at law in the condemnation proceeding which the municipality had instituted before the temporary injunction was granted.   *Cooper v. Anniston & A. R. Co.,* 85 Ala. 107; 15 Cyc. 987, and authorities cited in footnote 98.   If complainant was dissatisfied by the award of the commissioners in assessing the damages, he had an adequate remedy by means of appeal, being per-

mitted, pending its final determination, 'to receive the money for the damages fixed by the commissioners' award. Section 24, art. 2, Const. The general finding of the trial court obviously was that no nuisance was or would be created. Nothing which is done or maintained under the permission of a statute can be deemed a nuisance. Section 3720, Wilson's Rev. & Ann. Stat. ·1903; section 4752, Comp. Laws of 1909; section 3698, Sess. Laws 1890.

Complainant in his petition alleged that defendant had instituted condemnation proceeding under act of May 20, 1908 (Sess. Laws 1907-08, pp. 258, 261; Comp. Laws 1909, secs. 3328-3337, chap. 37), but that it had failed to comply with the procedure prescribed in section 3333, Comp. Laws 1909 (Session Laws 1895, p. 122). The court, under the general finding that the temporary injunction should not have been issued, found against the plaintiff on this contention. The dissolution of an injunction,˙ like the granting of it, is largely a matter of judicial discretion, to be determined by the facts of each particular case; and, except in cases of palpable abuse of such discretion, or a clear showing of error on the part of the trial court, the reviewing court will not interfere with or in any manner control this discretion. 16 Am. & Eng. Ency. of Law (2nd Ed.) p. 424, and authorities cited in footnote 3.

Under section 3330, Comp. Laws 1909 (Session Laws 1907-8, p. 261), any city is empowered˙ "to condemn lands in like manner as railroads for highways, rights of way, building sites, cemeteries, public parks, and other public purposes." A sewer is a public utility. *State ex rel. v. Millar,* 21 Okla. 448, 96 Pac. 747. The condemnation of a right of way, outlet, or outfall for a sewerage system is a public purpose, and is expressly authorized by said section. Whilst private right and interest must yield to the public demand for the public good, yet, for such private right and interest, full compensation must be made. Section 24, art. 2, *supra.* All such questions can be raised and tried in a condem-

nation proceeding, plaintiff thus being afforded an adequate remedy at law. *Cooper v. Anniston & Atlantic R. Co., supra.*

The judgment of the lower court is affirmed.

All the Justices concur.