### ·TUCKER v. HUDSON *et al.*

No. 2673.   Opinion, Filed June 3, 1913.

Rehearing Denied July 22, 1913.

Publication Withheld Until September 24, 1913.

(134 Pac. 21.)

1.   APPEAL AND ERROR—Parties—Service of ·Case-Made.   All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs in error or as defendants in error, before such judgment can be reviewed; and where a review of the judgment is sought by means of a petition in error and case-made, service of case-made must be had against all parties to the judgment before any question presented by the case-made can be reviewed by this court.

2.   PARTIES—Misjoinder — Demurrer.   Under section 5629, Comp. Laws 1909 (Rev. Laws 1910, sec. 4740), misjoinder of parties defendant is not a ground for demurrer.

3.   LIMITATION OF ACTIONS—Demurrer.   Where a petition upon its face does not show that the cause of action is barred by the statute of limitations, a demurrer thereto, urged specially upon that ground, should be overruled.

4.   PLEADING—Misjoinder of Causes —· Waiver of Objections. Whenever the causes of action have been improperly joined, if no objection be taken thereto by demurrer, the defendant waives same.

(Syllabus by the Court.)

*Error from County Court, Pawnee County;*
*N. E. McNeil, Judge.*

Action by Frank Hudson and others against A. W. Tucker. Judgment for plaintiff, and defendant Tucker brings error. Affirmed.

*H. A. Johnson,* for plaintiff in error.
*W. L. Eagleton,* for defendants in error.

HAYES, C. J. This proceeding in error is prosecuted from a joint judgment against plaintiff in error and defendants in error, Arkansas Valley Townsite Company and H. C. Hannah, in favor of defendant in error Frank Hudson for a specific sum of money and for costs. To the petition in error is attached both a case-made and a transcript of the record. The case-made was never served upon defendants in error Arkansas Valley Townsite Company and H. C. Hannah. It is therefore void, and no question which is attempted to be presented by the case-made can be considered. *National Surety Co. v. Okla. Presbyterian College for Girls et al., ante,* 132 Pac. 652.; *State ex rel. Hankins, Co. Atty., v. Holt et al.,* 34 Okla. 314, 125 Pac. 460.

The only question attempted to be presented for review upon the transcript is the overruling of the demurrer of plaintiff in error, Tucker, to the petition of defendant in error, Frank Hudson, in the court below. The grounds for the demurrer urged are misjoinder of parties defendant; but such objection does not constitute a ground for demurrer, and should have been presented by motion to strike out the unnecessary parties. *Bourland v. Madill State Bank et al.,* 32 Okla. 761, 124 Pac. 314.

It is urged that the petition does not state facts sufficient to constitute a cause of action, because the action is barred by the statute of limitation; but the petition does not disclose upon its face that the action is barred by the statute of limitation, and it is only when such facts appear upon

the face of the petition that this defense may be presented by urging same in a demurrer upon that ground. *Betz v. Wilson,* 17 Okla. 383, 87 Pac. 844.

It is also urged in this court that there is a misjoinder of causes of action. Whatever merit this objection may have in fact, plaintiff in error cannot avail himself of it here, for he failed to set up such objection as a ground of demurrer to the petition in the court below, and this omission constitutes a waiver of this alleged defect in the petition. Section 4742, Rev. Laws 1910; *Woodman v. Davis,* 32 Kan. 344, 4 Pac. 262.

All other errors urged are such only as can be presented upon a case-made. Since no error requiring a reversal is presented, the judgment of the trial court is affirmed.

All the Justices concur.