## OKMULGEE SUPPLY CO. v. ROTMAN et al.

No. 19572.     Opinion Filed July 8, 1930.
Rehearing Denied Sept. 16, 1930.

Commissioners' Opinion, Division No. 2

Jos. J. Rosenbloom, for plaintiff in error.

Jas. C. Cheek and Albert L. McRill, for defendants in error.

HERR, C. On the 6th day of March, 1924, Hyman Rotman, an employee of the Oil State Pipe Company, while engaged in the course of his employment, was injured by and through the alleged negligence of the servants and employees of the Okmulgee Supply Company. He elected to take compensation of the Oil State Company as provided by Workmen's Compensation Act, section 7302, C. O. S. 1921, and compensation was awarded him thereunder. The New Amsterdam Casualty Company was insurance carrier for said Oil State Company and paid said award. Action was thereafter brought by it and Rotman, jointly, to recover the amount of the award so paid and for additional damages claimed by Rotman. Judgment went in favor of plaintiffs for the amount of the award paid Rotman by the insurance carrier, Rotman having abandoned his action for the recovery of additional damages. To reverse the judgment, the Okmulgee Supply Company appeals to this court.

The first assignment by defendant is that the court erred in overruling its demurrer to the petition. The demurrer challenges the petition on four separate grounds, as follows: Defect of parties plaintiff; misjoinder of parties plaintiff; misjoinder of causes of action; and that the petition does not state a cause of action.

In our opinion, the demurrer was properly overruled. There was no defect of parties plaintiff, as defect of parties means too few, and not too many parties. Niblo v. Drainage Dist. No. 3, 58 Okla. 639, 160 Pac. 468. A misjoinder of parties cannot be taken advantage of by demurrer, but must be reached by motion to strike the unnecessary parties. State Exchange Bank of Elk City v. National Bank of Commerce, 70 Okla. 234, 174 Pac. 796; Tucker v. Hudson, 38 Okla. 790, 134 Pac. 21. Rotman's cause of action for additional damages was abandoned and this issue was not submitted to the jury, which disposes of the question of misjoinder of causes of action.

It is clear that the petition states facts sufficient to constitute a cause of action. Under section of the statute above referred to, the action should have been prosecuted in the name of the New Amsterdam Casualty Company, assignee, alone, but the joinder of Rotman, assignor, as a party plaintiff, in the absence of a motion to strike, is not fatal to the judgment. K. C., M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 Pac. 51.

At the conclusion of the evidence defendant requested permission to amend its answer by pleading contributory negligence on the part of Rotman, which request was by the trial court denied. This ruling is assigned as error. In our opinion, the ruling of the court was correct. Defendant offered no evidence tending to establish contributory negligence, and was, therefore, not entitled to go to the jury on the question unless the evidence offered by plaintiff made out a prima facie case of such negligence, and if such case were made out by the evidence offered on behalf of plaintiffs, defendant was entitled to the benefit thereof without a plea to that effect. Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747.

Defendant requested an instruction on contributory negligence, which was by the court refused, and, in our opinion, properly so. We have examined the record with great care, and arrive at the conclusion that the evidence offered by plaintiffs does not make out a prima facie case of contributory negligence, and, as before stated, defendant offered no evidence tending to establish such negligence. Defendant was, therefore, not entitled to an instruction relative thereto.

We discover no reversible error in the record. Judgment should be affirmed.

BENNETT, DIFFENDAFFER, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.