## BRADLEY v. RENFROW et al.

No. 28491. Nov. 15, 1938.

W. C. Lukenbill, for plaintiff in error.

Moss & Powell, for defendants in error.

HURST, J. This is an action for injunction. After defendants filed their answer, the trial court dismissed the cause on motion of defendants without taking evidence, and plaintiff appeals.

The motion to dismiss was in effect a demurrer to the petition, and the parties so treat it. The sole question, therefore, before us is whether or not plaintiff's petition stated a cause of action for injunction. The allegations thereof material to this decision are that plaintiff and her husband own and occupy a home in Oklahoma City; that defendants occupy the property adjoining plaintiff; that for a period of more than a year, the defendants have conspired to "injure, tantalize, aggravate, vex and annoy the plaintiff and injure" her property, and that they are continuing so to do; that she has no adequate remedy at law; that defendants, in pursuance of the foregoing conspiracy, throw lighted firecrackers upon the awnings of her house, throw rubbish in her yard, climb upon the fence surrounding her property, move the posts thereof, kick a football on her porch and in her yard, and come upon her driveway; that the police have on several occasions warned defendants to stay off of plaintiff's premises, but said warnings have been ignored; that such acts of defendants will continue unless restrained.

In Deskins v. Rogers (1919) 72 Okla. 274. 180 P. 691, it was held:

"Where a trespasser persists in trespassing upon real estate in the possession of another, and succeeds in obtaining a scrambling possession and threatens to continue his wrongful invasion of the premises, equity will restrain such trespass, although the trespasser may be solvent and financially able to respond in damages, for in such cases the party in possession has no adequate remedy at law."

See, also. Sunderland v. Bishop (1924) 100 Okla. 54, 227 P. 398.

Defendants contend that plaintiff has an adequate remedy at law by proceeding against defendants under the ordinances of Oklahoma City. Assuming, without deciding. that such contention is true. yet such ordinances must be presented to this court by proper pleading and evidence, since we cannot take judicial notice thereof. Cunningham v. Ponca City (1911) 27 Okla. 858, 113 P. 919.

Reversed and remanded, with directions to the trial court to proceed in accordance with the views herein expressed.

OSBORN. C. J.. and CORN, GIBSON. and DAVISON, JJ., concur.