FIREMEN'S RELIEF AND PENSION BOARD OF CITY OF HOLDENVILLE v. LUCAS.

No. 30060.    Sept. 16, 1941.

*117 P. 2d 112.*

C. H. Baskin, of Holdenville, for plaintiff in error.

Ethel Hamilton, John Warren, and Chas. N. Hamilton, all of Holdenville, for defendant in error.

BAYLESS, J. The firemen's relief and pension board of the city of Holdenville, Okla., appeals from an order

and judgment of the district court of Hughes county reversing an order of said board denying John J. Lucas a pension.

February 5, 1934, Lucas filed with said board an application for a pension, and among other things alleged:

"That said applicant has fulfilled all the requirements as provided by ordinances of the city of Holdenville, Oklahoma, and as by law provided in section 6096, 1931 Oklahoma Statutes, in qualifying for Firemen's pension. . . ."

A transcript of the proceedings by the board and evidence introduced before it was filed in the district court. This does not contain a copy of the ordinances of the city of Holdenville nor any reference thereto.

The judgment of the district court recites that it finds from the transcript that Lucas has complied with the requirements of the said ordinances, as a part of the basis for its order in his favor.

The judgment is attacked as not being supported by evidence and as contrary thereto. It is admitted that the city may by ordinance impose restrictive conditions in addition to those in the statute, section 6096, O. S. 1931. Therefore, when a city has adopted ordinances on this subject, they are material in finding that applicant is entitled to a pension.

Lucas says that the ordinances were offered in evidence, but an examination of the pages of the transcript referred to does not support this. The documentary evidence mentioned on those pages was the warrants issued to Lucas for his service as a fireman before his retirement. There were no ordinances before the board, and none in the transcript before the district court, and as a consequence it could not find that Lucas had any rights by virtue of the provisions of such ordinances.

Lucas says that at the hearing before the district court a copy of the ordinances was before the court. We suppose this means new evidence was presented in addition to the transcript. This is not permissible in this kind of an appeal to the district court. In re Gruber, 89 Okla. 148, 214 P. 690.

The district court is restricted to a consideration of the transcript of the evidence. Board of Trustees, etc., City of Tulsa v. Naughton, 180 Okla. 270, 68 P. 2d 845.

Judicial notice of city ordinances is not taken. They must be pleaded and proved. Cunningham v. City of Ponca City, 27 Okla. 858, 113 P. 919, and Bradley v. Renfrow, 184 Okla. 25, 84 P. 2d 430.

The judgment is reversed for further proceedings not inconsistent with the views expressed herein.

WELCH, C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.