BARTON et al. v. HARMON.

No. 33682.   July 11, 1950.

*221 P. 2d 656.*

Joseph C. Stone and Charles A. Moon, both of Muskogee (Kay Wilson, Jr. of Muskogee, of counsel), for plaintiffs in error.

Pierce & Pierce, A. L. Brook, and Arnote, Arnote & Bratton, all of Muskogee, for defendant in error.

ARNOLD, V. C. J.   This action was tried upon plaintiff's amended petition as amended and the separate answers of the defendants. Plaintiff's allegations are, in substance, that on January 14, 1946, she was a passenger in a taxicab owned and operated by the Muskogee Yellow Cab Company, a corporation, and that by reason of the negligence of the taxicab driver in going over a railroad crossing plaintiff was thrown against the ceiling of the taxicab and upon the floor, thereby sustaining serious injuries for which she is entitled to recover damages against the Muskogee Yellow Cab Company; that she is also entitled to recover damages against the executors of the estate of G. Lange, deceased, by reason of the fact that the said G. Lange, during his lifetime, had executed a bond as surety wherein Muskogee Yellow Cab Company, a corporation, was principal, which bond was executed, approved and filed in accordance with the provisions of ordinances Nos. 1488 and 1538 of the city of Muskogee. Purported, but unauthenticated, copies of the above mentioned ordinances and a copy of said bond were attached to plaintiff's amended petition as amended.

After separate demurrers by the defendants were presented and overruled with exceptions, defendants filed separate answers. By these answers the defendants denied generally the allegations of liability contained in plaintiff's petition and her right of recovery; admitted that the Muskogee Yellow Cab Company was a corporation; that G. Lange was deceased and that the persons named as executors were the duly appointed and qualified executors of his estate.

Defendants filed a motion for judgment on the pleadings which was overruled and at the conclusion of the evidence the executors made a motion for a directed verdict which was denied.

There was a several judgment in favor of plaintiff based on the verdict of the jury against the Muskogee Yellow Cab Company for $6,000 with interest from date of judgment and an alternative judgment based on the verdict of the jury against the executors of G. Lange, deceased, in the sum of $4,540.70 with interest from date of judgment, but conditioned that, if plaintiff receives payment and satisfaction in full of her judgment against the cab company, she shall have no recovery against the executors of the estate of G. Lange, deceased, but shall recover only whatever deficiency remains in

the judgment against the cab company from the executors, not to exceed the said sum of $4,540.70.

Separate motions for new trial were filed by the defendants and overruled with exceptions, and this appeal resulted.

For reversal of the judgment against Muskogee Yellow Cab Company the sole contention is that the trial court erred as a matter of law in overruling its separate demurrer to plaintiff's amended petition as amended on the ground of misjoinder of parties defendant though its demurrer also alleged misjoinder of causes of action. Since misjoinder of parties is not a ground of demurrer under our statute (12 O.S. 1941 §267), this court has uniformly held that this objection to a pleading must be taken advantage of by motion to strike. Okmulgee Supply Co. v. Rotman, 144 Okla. 293, 291 P. 1; Tucker v. Hudson, 38 Okla. 790, 134 P. 21; Owen v. City of Tulsa, 27 Okla. 264, 111 P. 320. We find no error in the action of the court in this respect.

The bond on which plaintiff predicates her cause of action against the executors was executed by Muskogee Yellow Cab Company, a corporation, by G. Lange, president, as principal, and by G. Lange, as surety, and was approved on the 28th day of May, 1945, by Kelly Brown as city attorney of Muskogee and R. T. Price as city manager. The promissory provision of the bond reads:

"That we, Muskogee Yellow Cab Company, a corporation as Principal, and G. Lange, as Surety, are held and firmly bound unto the City of Muskogee, Oklahoma, a municipal corporation, in the penal sum of Five Thousand ($5,000.00) Dollars, to be paid to said City of Muskogee, Oklahoma, through its duly authorized City Treasurer and his successors in office, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents."

The condition of this promissory obligation is based upon the provisions of Ordinance No. 1488 entitled "An Ordinance Regulating the Operation of Taxicabs," and Ordinance No. 1538 amending sections 3, 7, 13 and 14 of said Ordinance No. 1488, and it is stated in the bond that said ordinances are in full force and effect. It is then provided that if the said principal and surety herein "shall in all things fully and completely comply with all of the requirements and provisions of said Ordinance No. 1488, as amended by Ordinance No. 1538 and shall indemnify all persons . . . in accordance with the terms and conditions of said Ordinance No. 1488, as amended by Ordinance No. 1538, and shall fully pay, satisfy and discharge the claim or claims and judgments of any and all persons, firms, partnerships or corporations, as required by the terms, provisions and conditions of said ordinances, and each of them, then and in that event the Principal and Surety herein shall be fully released and discharged from any and all liability hereunder; . . .". It is then provided that all persons whether individuals, firms, partnerships or corporations shall have the full right and authority to sue the principal and surety in the same or separate actions in any court within the State of Oklahoma having jurisdiction "all in accordance with the terms, provisions and conditions of said ordinances hereinabove referred to, . . . ." It is then provided that any person, firm, partnership or corporation "authorized by said Ordinances or either of them," may, "by virtue of the terms and conditions of said ordinances or either of them," within the period of limitation fixed by the laws of the state, recover from the principal and surety "and against the mortgaged property given as security for this bond, or against such other security as may hereafter be substituted for the original security given on this bond, all in accordance with the terms, provisions and conditions of said Ordinances or either of them." It is then provided that "the property now

pledged or hereafter pledged as security for this bond in accordance with the terms and conditions of said Ordinances or either of them, at all times shall be subject to and available for the satisfaction of claims, demands and judgments of any and all persons whomsoever, . . . in accordance with the terms, conditions and provisions of said ordinances, or either of them." It is stipulated by the principal and surety that the bond "is given for the purpose of effectively complying with the terms and conditions of said ordinances and each of them, and that this Bond at all times and places shall be construed and enforced together with the mortgaged security given herewith, for the purpose of enforcing the terms, conditions and provisions of said ordinances and each of them."

It is thus obvious that every condition in the bond subsequent to the promissory obligation is dependent upon the terms, conditions and provisions of said ordinances Nos. 1488 and 1538. Thus it is apparent that before the extent of liability under the bond and the manner in which that liability shall be enforced, the bond and the two ordinances must be considered and construed together as one instrument, thus making allegation and proof of said ordinances an essential part of plaintiff's cause of action on the bond (15 O.S. 1941 §158).

Plaintiff's amended petition contained no allegation setting forth the terms, conditions and provisions of ordinances Nos. 1488 and 1538 and they were not attached thereto. The amendment to the amended petition was accomplished by merely attaching purported, but unauthenticated, copies of said ordinances. These were not referred to and their terms, conditions and provisions made a part of plaintiff's amended petition, but were merely attached thereto as exhibits in compliance with an order of the trial court on motion of defendants.

The original bond, a copy of which, showing due execution and approval, was attached as an exhibit to plaintiff's original amended petition and was produced by the city clerk at the trial who identified it as one of the records in his office, and the same was admitted in evidence. No such proof was offered or made as to ordinances Nos. 1488 and 1538. The language of the bond, "said ordinances are in full force and effect," which was pleaded and introduced in evidence we think is sufficient to establish the publication and recording of said ordinances as required by the charter of the city of Muskogee. Section 56 of that charter requires publication of every ordinance adopted one time in a newspaper published and of general circulation in the city, while section 58 provides that a true copy of every ordinance shall be kept in a book marked "Ordinance Record" and authenticated by the signature of the mayor and clerk. This admission in the face of the bond that these ordinances were in full force and effect does not establish as a part of the evidence the terms and conditions of the ordinances. The city clerk while on the stand as a witness for plaintiff was not asked any question with reference to the records of his office pertaining to those ordinances nor was any other proof thereof offered. It is an established rule of this court that judicial notice of city ordinances is not taken. They must be pleaded and proved. Fireman's Relief and Pension Board of City of Holdenville v. Lucas, 189 Okla. 328, 117 P. 2d 112; Bradley v. Renfrow, 184 Okla. 25, 84 P. 2d 430; Cunningham v. City of Ponca City, 27 Okla. 858, 113 P. 919.

In this case the amended petition of plaintiff, which was amended merely by attaching the purported but unauthenticated copies of these ordinances, contained no allegations setting forth the terms and conditions of said ordinances, and although these purported copies thereof were made a part of said amended petition as an amendment thereto by order of the trial court, their verity as copies of said ordinances was nowhere disclosed nor

was the amended petition itself verified. It is thus clearly evident that the terms, conditions and provisions of said ordinances upon which liability of the executors under the bond is made to depend are not before this court for interpretation and construction in connection with the bond itself, so that we are unable to say upon the record presented here what liability is imposed upon the principal and surety in the bond by the terms of said ordinances nor how such liability shall be enforced.

The judgment of the trial court as against Muskogee Yellow Cab Company is affirmed, but the alternative judgment against the executors of the estate of G. Lange, deceased, is reversed and remanded for a new trial.

LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, CORN, and GIBSON, JJ., concur in affirmance and dissent as to reversal.

WELCH, J. (dissenting). The ordinances were incorporated into the bond by reference and (on defendant's motion to require same) complete copies were attached. Apparently during settling of the pleadings and at the trial the ordinances were considered by all as being sufficiently presented. It appears the defendants presented contentions based upon various provisions of the ordinances. Questions based on those contentions are important in settling the right and liabilities of the parties. I think we should consider them here, as they were considered in the trial court. It seems to me under all the circumstances the lack of formal introduction of the ordinances in evidence should not necessarily require reversal.