Ernest E. DRAKE, Plaintiff in Error,

v.

Roy E. TIMS and Nell Tims, as individuals, and as a co-partnership, d/b/a Tims Funeral Home, Defendants in Error.

No. 36181.

Supreme Court of Oklahoma.

June 7, 1955.

Rehearing Denied July 12, 1955.

Application for Leave to File Second Petition for Rehearing Denied Sept. 13, 1955.

Herring & Hentz, Oklahoma City, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, Joe Francis Tulsa, for defendants in error.

JACKSON, Justice.

This case involves an intersection accident between plaintiff's vehicle and the defendants' ambulance. The accident occurred about 10:30 P.M. on December 27, 1951, at the intersection of Western with N. W. 10th Street in Oklahoma City. Traffic at this intersection is controlled by a stop and go signal light.

The plaintiff's chief complaint before the trial court and here is that the trial court erred in telling the jury in instructions numbered 7 and 9, that the ambulance driver was exempt under Oklahoma City Ordinances from observing the ordinary rules governing traffic in regard to electric signal devices, and was exempt from observing the laws governing the speed of vehicles not described as emergency vehicles.

The questions raised will require an interpretation and construction of the City Ordinances pertaining to speed and right of way as applied to privately owned ambulances.

The Ordinances are not before us. It was stipulated that all City Ordinances might be admitted in evidence, but no Ordinances were identified and introduced in evidence by either party. Requested instructions embracing purported ordinances were submitted by the parties. Some of these were adopted by the court and some were rejected.

We are requested to construe Ordinances that have not been identified as City Ordinances and made a part of the evidence in the record before us. Under these circumstances this court is unable to construe such Ordinances and determine whether the jury was properly instructed. This court may not take judicial notice of the provisions of municipal ordinances.

It is well settled in this State that this Court may not take judicial notice of the provisions of municipal ordinances, but they must be proved before this court can determine rights or liabilities thereunder. Cunningham v. Ponca City, 27 Okl. 858, 113 P. 919; Barton v. Harmon, 203 Okl. 274, 221 P.2d 656.

The defendants had made some tests in Altus to determine how far the siren on the ambulance could be heard under conditions described to the jury. The trial court, over the objection of plaintiff, permitted defendants' witnesses to relate the result of these tests to the jury.

 Evidence as to the result of an experiment is admissible where it is shown that the conditions under which the experiment was made were the same or similar to the circumstances prevailing at the time of occurrence involved in the controversy. Enghlin v. Pittsburg County Ry. Co., 169 Okl. 106, 36 P.2d 32, 94 A.L.R. 1180.

The tests made in Altus to determine how far the siren could be heard were similar in many respects to the circumstances existing at the time and place of the accident. However, in some respects the circumstances in Altus were different. The driver and witnesses in the passenger car at Altus were instructed to be on the alert for the siren as the ambulance approached a designated intersection. The plaintiff in Oklahoma City was not so favored. Street noises and background noises were not taken into account in the Altus experiment. The Altus experiment was made on a Sunday morning about 11:30 A.M. while a light rain was falling. Atmosphere conditions and background noises were different in Oklahoma City at the time of the accident.

Plaintiff called in rebuttal an expert witness in the field of sound who testified that temperature, humidity, wind velocity and direction, natural and man-made objects such as trees, buildings and background noises, all play an important part in the movement of sound waves. While perhaps not necessarily in his field of study he testified without objection that psychological factors such as distractions and previous instruction to be on the alert for a specific sound would have a very important bearing on one's ability to hear and distinguish sound.

 Since the conditions under which the experiment was made were dissimilar in many respects to the circumstances prevailing in Oklahoma City on the night of the accident, we hold it was error to admit such testimony.

For the reasons stated, the judgment is reversed and the case is remanded to the trial court, with instructions to grant a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY and BLACKBIRD, JJ., concur.

CORN, J., dissents.