**SOUTHERN EXPRESS, Inc., a corporation, Appellant,**

v.

**Abe WHITE, Appellee.**

**No. 5435.**

United States Court of Appeals
Tenth Circuit.

Jan. 9, 1957.

John L. Boyd, Tulsa, Okl. (Valjean Biddison and Floyd L. Rheam, Tulsa, Okl., on the brief), for appellant.

Jake Hunt, Oklahoma City, Okl. (John Tillman, Pawhuska, Okl., and Foliart, Hunt & Shepherd, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant-plaintiff brought this action alleging recoverable damages as the result of a truck collision occurring near Kiowa, Oklahoma, between a truck owned and operated by plaintiff's employer and a truck owned by appellee-defendant White and operated by Wabaunsee.[1] The actionable negligence of Wabaunsee was admitted below and the single question presented is whether Wabaunsee's negligent conduct is legally imputable to defendant White. The trial court held that plaintiff did not sustain the burden of proof in this regard and entered judgment in favor of defendant White.

At the time of the accident Wabaunsee and one Milton Rhodes, driving separate trucks, were en route from Ponca City, Oklahoma, to Mexico City, Mexico, and were transporting a number of racing greyhounds and racing equipment to the Mexico City dog track. Some of the dogs and their equipment, but not all, were owned by defendant White and had been obtained from him before the accident at which time the parties had signed the following agreement:

"We, Milton Rhodes, & Bill Wabaunsee lease from Abe White at following per cent Clayton Ward at 30% Reba Kay—25%—Fawn Witch —25% 7 Happy Son Pups at 25% above 6th Race 30% Uptown Hatch at 25%, My Snip at 27%, Fellows' Babe at 27%, Laddie Court at 27%, Say Say Court at 27%, Rear Admiral at 27%, Neil D at 27% to be paid the day following purse day. We have the following equipment.

13 Wire Muzzles
13 Race Muzzles
15 Leads
 1 sq. tub
 1 water pail
 1 small tub
13 Feed pans
 5 Rain blankets
 3 Leauy blankets
 1 Trailer

Abe White
Nellie White
Bill Wabaunsee
Milton Rhodes"

■ Other dogs and equipment in which defendant White had no interest were being transported by Wabaunsee at the time of the accident and had been obtained by him from two other owners under agreements comparable in nature and purpose. The evidence further revealed that none of the expense of transportation was to be borne by White nor did he in any way have control of the route chosen by Wabaunsee. Although White owned the truck[2] he was not in it at the time of the accident and the record does not indicate that White, after the execution of the agreement, intended to go to Mexico City at all.

■ Although not necessarily controlling, the terms used by parties in creating a legal relationship has significance in the determination of that relationship. Barton v. Harmon, 203 Okl. 274, 221 P.2d 656; Cram v. Wes Durston, Inc., 68 Nev. 503, 237 P.2d 209; Central Paper Co. v. Southwick, 6 Cir., 56 F.2d 593. Here the parties have described their agreement as a "lease" and nothing extrinsic to that document negatives that nomenclature.

We conclude, as did the trial court, that the intent of the parties as expressed in their agreement and conduct was the lease of animals and racing equipment in consideration of a share in possible winnings, such share to vary with the individual animal.

1. Wabaunsee although named as party defendant was not served with process and did not appear in the court below and is not a party to this appeal.

2. Such fact has little probative value in determining the legal relationship between owner and driver. Modern Motors v. Elkins, 189 Okl. 134, 113 P.2d 969; and cases therein cited at 113 P.2d 972.

The record thoroughly sustains the trial court's finding that Wabaunsee was not an employee, agent, partner or joint adventurer with White. The judgment is accordingly affirmed.