Carl HARRISON and Vernon Harrison, co-partners, doing business as the Quality Packing Company, Plaintiffs in Error,

v.

Ben PERRY et al., Defendants in Error.

No. 42027.

Supreme Court of Oklahoma.

July 1, 1969.

John Connolly, Oklahoma City, for plaintiffs in error.

McClelland, Collins, Sheehan, Bailey, Bailey & Short, Pat Brogan, Oklahoma City, by Robert Stormont, Enid, for defendants in error.

Roy H. Semtner, Municipal Counselor, by Walter Powell, Asst. Municipal Counselor, Oklahoma City, for defendant in error City of Okahoma City.

DAVISON, Justice.

This is an appeal by Carl Harrison and Vernon Harrison, copartners, d/b/a The Quality Packing Company (defendants below) from a judgment in favor of Ben Perry, et al (plaintiffs below), whereby the defendants were enjoined from the keeping or slaughtering of livestock of any kind upon Lots 1 to 8, Block 6, Morriston Addition to Oklahoma City, Oklahoma, until such time as such use of said property is permitted by the City Council by proper zoning.

Plaintiffs, including the City of Oklahoma City, instituted this action to enjoin the defendants from operating a slaughterhouse upon the property. They alleged the facts and circumstances hereafter set forth, and also alleged the defendants were adding an addition to their existing building with the intention of enlarging their meat processing business to include slaughtering of livestock upon the premises contrary to a property restriction defendants placed upon the property. They also alleged the operation of a slaughterhouse and the bringing of livestock to the location would cause noxious smells and offensive noises, so as to render the homes and premises of plaintiffs unfit for habitation and the churches in the vicinity unfit for services, and that the sewer system in the area would not handle such an operation and was in fact presently overloaded in that blood and waste meat materials had backed up into houses, and would cause irreparable damage to plaintiffs, for which they had no adequate remedy at law. Plaintiffs prayed that the defendants be enjoined and that the court enforce the above restrictive covenant.

The individual plaintiffs are a large number of property owners and occupants of residences in the area adjacent to the

above described property. Defendants, as owners of the described property, had for years prior to 1957 conducted a meat processing business thereon by bringing the slaughtered and dressed carcasses of livestock to the site and there processing and then distributing the product in their wholesale business. In 1957 the corporate limits of Oklahoma City were enlarged to include this property, and defendants continued their business operation as a permitted non-conforming use of the property under applicable City Zoning ordinances. In 1959 the City undertook to widen the street (May Avenue) adjacent to the property and to acquire 17 feet of the property for this purpose, which would encroach about 5 feet into defendant's building. Defendants' evidence was that in settling the expense incident to acquisition of the 17 foot strip there was an agreement that defendants' property would be zoned "J" Heavy Industrial District, and defendants filed an application for such zoning. This zoning was protested and in the hearing before the City Council the defendants, as an inducement to such zoning, agreed to restrict their property against operation of a slaughterhouse thereon. The property was zoned "J" and defendants filed of record an instrument containing the restriction against slaughterhouses, "until such time as the City Council of Oklahoma City, Oklahoma, shall so authorize." Defendants' evidence was that this restriction was placed on the property under the erroneous impression that, even though it was zoned "J", the City Council had to grant an exception to permit slaughterhouse operation, when in fact no exception was required. After this action was filed on June 17, 1965, the defendants filed of record a cancellation of the restriction on July 12, 1965.

Defendants filed a demurrer to the petition and a motion to dismiss the action. There is no dispute that the parties, and the defendants in particular, wished to have an early disposition of the matter, and the cause was placed on the trial docket.

The trial judge announced at the beginning of the hearing that the matter was being heard on the motion to dismiss, in the nature of a plea in abatement, and if the motion was overruled, then it would be heard on the merits. Counsel for defendants then proceeded to make a statement of facts and incorporated therein the matters and things above set out. Counsel, by his own statement, was a "witness" and was testifying. The trial court announced that it was stipulated that the evidence introduced on the motion would be considered in evidence on the merits subject to any further evidence and cross-examination. The court overruled the motion. Plaintiffs then introduced their proof concerning the insufficiency of the sewer line to handle a slaughterhouse operation and also testimony the sewer at various times clogged and overran residential premises. Plaintiffs asked leave to amend to conform to the proof, and counsel for defendants dictated a general denial into the record.

The trial court rendered a judgment decreeing both the ordinance zoning the property "J" and the restrictive covenant void, because of the manner in which the enactment of the ordinance was procured; permitting the defendants to continue their meat processing plant as a non-conforming use; and enjoining defendants from keeping or slaughtering livestock upon the property until the time such use was permitted by the City Council by proper zoning.

The defendants' brief reflects that the propositions of error urged by them for a new trial or for relief from the injunction are not directed to the correctness of the judgment declaring the zoning ordinance and restrictive covenant void, but are based on procedural matters and the sufficiency of the evidence to support injunctive relief. Our disposition of this appeal will be limited to those matters raised by the defendants.

Defendants urge in separate but related propositions, that the trial court committed error in arbitrarily deciding to rule on the merits of the case before passing on their

demurrer and before the case was at issue, and further that the decision was based on a determination of issues not within the pleadings.

Defendants argue that none of the attorneys considered that the case was being tried on the merits and that defendants were deprived of the right to plead their defense to the numerous allegations of the petition and were given no opportunity to prove their defense.

■ The record does not support this argument. There is no dispute that defendants wanted to have a prompt disposition of the case. Defendants admit in their brief that the trial court was advised that the future operation of defendants' plant was conditional upon termination of the litigation. As stated above the trial court announced in advance that the case would be tried on the merits if the motion to dismiss was overruled. The trial judge, when the motion was overruled, dictated into the record that it was stipulated that the evidence submitted on the motion may be considered in evidence on the merits "subject to any further evidence and further cross examination." Defendants made no objection to all of the above and made no contention during the hearing that they were being deprived of any rights by the procedure followed by the trial judge. As shown above the defendants' counsel dictated a general denial into the record.

It is our belief, under such circumstances, that defendants' counsel was cognizant of the procedure the trial court was following and the opportunity given by the trial judge for all parties to introduce any evidence they had bearing upon the right of the plaintiffs to an injunction.

In Anthony v. Barton, 196 Okl. 260, 164 P.2d 642, the defendant made a similar complaint. There the trial court did not hold a hearing on defendants' motion to dissolve a temporary restraining order, but required them to file answers and heard the whole matter at one hearing. The court indicated that because of the volume of court business, and lack of time he was disinclined to hold several hearings and desired to dispose of the matter at one hearing. We held this was within the discretion of the court and no prejudice was shown to have resulted to defendants by such action.

In the present case the procedure followed by the court appears to have been in accord with defendants' desires in the matter, and there is no showing of prejudice to the defendants.

Defendants also contend under the above proposition that the issue of validity of the zoning ordinance and ·of the restrictive covenant was not presented by plaintiffs' petition and the trial court erred in determining their validity.

It must be admitted that plaintiffs' petition does not question the validity of the ordinance and restriction. However, they were an important element to be considered in determining the rights of the parties. Counsel for plaintiff refer us to a portion of the record, where, after an off-the-record conference, plaintiffs' counsel asked the court to amend to conform to the proof. The record does not show the court's response, if any, to this request.

We think the merit of this contention may be resolved by a consideration of the nature of the action.

■ This action for an injunction against the operation of a business is one of equitable cognizance. Cloer v. Gillespie, Okl., 386 P.2d 1015; Barnes v. State ex rel. Wolf, County Attorney, Okl., 383 P.2d 635.

■ In Ferrero v. Siel, Okl., 397 P.2d 501, we held that equity, having once attached, in a proper proceeding, will administer complete relief on all questions properly raised by the evidence, regardless of whether or not such question or issues are specifically raised by the pleadings, as equity will not permit a mere form to conceal the real position and substantial rights of the parties.

■ Under this rule of law and in view of the evidence the trial court could prop-

erly determine the validity of the zoning ordinance and the restrictive covenant.

Defendants further contend that neither the petition nor the evidence was sufficient to support the decision of the lower court.

Under this proposition the defendants first contend the petition of plaintiffs is fatally defective because it fails to allege that the defendants are insolvent.

This alleged rule of law is not applicable in the present situation. Plaintiffs' petition and evidence alleged and showed the inadequacy of the sewer line to handle the existing operation without adding slaughterhouse operations. This was a showing of present trespass by flooding premises and trespasses in the future.

In Bradley v. Renfrow, 184 Okl. 25, 84 P.2d 430, we said where a trespasser persists in trespassing upon real estate in the possession of another, and threatens to continue his wrongful invasion of the premises, equity will restrain such trespass, although the trespasser may be solvent and financially able to respond in damages, for in such cases the party in possession has no adequate remedy at law.

Defendants also contend under this proposition that the plaintiffs have an adequate remedy at law in the form of an appeal from the act of the City Council in passing the zoning ordinance and by actions for damages.

Aside from the element of expiration of time within to appeal from a zoning ordinance enacted in July, 1959, the defendants ignore the fact that the ordinance rezoned the property only after they were required to file a restrictive covenant prohibiting use of the property for slaughterhouse purposes, which the defendants are now seeking to do. Also such contention would have the plaintiff City appeal from the enactment of its own ordinance.

The contention that plaintiffs have an adequate remedy at law, by bringing actions for damages, is not supported by the evidence or the law. See our discussion, supra, regarding repeated trespasses by defendants and our holding in the Bradley case.

We have held that courts of equity exercise discretionary power in the granting or withholding of injunctive relief, and the granting thereof rests in the sound discretion of the court, and the granting of injunctive relief will not be reversed on appeal unless abuse of discretion clearly appears. Cloer v. Gillespie, supra, and Boudinot v. State ex rel. Cannon, County Attorney, Okl., 340 P.2d 268, 73 A.L.R.2d 1027.

It is our conclusion that in the light of all the facts and circumstances in this case the trial court did not clearly abuse its discretion in granting the injunction against the defendants.

Affirmed.

All Justices concur.