**Hoyt C. GLENN, Betty F. Glenn and William A. Marlman, Appellees,**

v.

**Jimmy FOX, Hazel Fox, Steve Fox, and Toni Fox, Appellants.**

**No. 78843.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 9, 1993.

Rehearing Denied March 16, 1993.

Certiorari Denied May 18, 1993.

Thomas M. Klenda, Tulsa, for appellees.

Ronald V. Funk, Tulsa, for appellants.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Appellants, Jimmy Fox, Hazel Fox, Steve Fox and Toni Fox, (the Foxes), seek review of the trial court's order which permanently enjoined them from interfering with the Appellees, Hoyt C. Glenn, Betty F. Glenn and William A. Marlman, (the Glenns) in the Glenns' exercise of their rights as oil and gas lessees on certain property. This action centers around a long-term dispute between the parties over which road the Glenns must use in the operation and maintenance of a well which is situated on the Foxes' land. The land is located in Osage County, Oklahoma, and the leasing of same is governed by the Code of Federal Regulations, 25 C.F.R. Sec. 226 *et seq.* The oil and gas leases on the property in question were granted by the Osage Indian Tribe, as lessor, to the Glenns, as lessees.

The Glenns brought this action seeking a temporary restraining order, temporary injunction and permanent injunction against the Foxes, alleging the Foxes had interfered with the Glenns' rights to go on the land and operate the oil and gas wells. After granting the temporary restraining order, the trial court rendered its judgment permanently enjoining the Foxes from interfering with the Glenn's exercise of their rights under the oil and gas leases. In its judgment, the trial court found the letter dated December 15, 1988, from the Superintendent of the Osage Agency to the parties, constituted a "final order" and established "the road" to be used by the Glenns in the operations of the oil leases. The Appellants' first three propositions of error

basically challenge the sufficiency and weight of the evidence which supported the trial court's injunction. The fourth proposition of error is the trial court's denial of their motion to dismiss Appellee Marlman as a party.

An action for an injunction is one of equitable cognizance. *Harrison v. Perry*, 456 P.2d 512, 515 (Okla.1969); *Board of Regents of University of Oklahoma v. National Collegiate Athletic Association*, 561 P.2d 499 (Okla.1977). The granting of injunctive relief rests in the sound discretion of the trial court and will not be reversed on appeal unless an abuse of discretion is clearly shown. *Harrison* at 516.

The Foxes maintain the trial court abused its discretion in ordering the permanent injunction because:

1. the Glenns did not show "irreparable harm";

2. the Glenns had the option of using another road to reach the wells; and

3. the Glenns did not prove any damages or any damages proved could be cured in money damages.

Before we can answer the question whether injunctive relief was properly ordered, we must determine the nature of the right protected. An Osage County oil and gas lessee's rights and responsibilities are established in 25 C.F.R. Sec. 226.1 *et seq.* Section 226.19 of Title 25 provides in pertinent part:

(a) Lessee or his/her authorized representative shall have the right to use so much of the surface of the land within the Osage Mineral Estate as may be reasonable for operations and marketing. This includes but is not limited to the right to lay and maintain pipelines, electric lines, pull rods, other appliances necessary for operations and marketing, and the right-of-way for ingress and egress to any point of operations. If Lessee and surface owner are unable to agree as to the routing of pipelines, electric lines, etc., said routing shall be set by the Superintendent.

\* \* \*

Section 226.44 of Title 25 establishes the procedures for filing appeals from orders issued by the Superintendent. Appeals must be lodged within 30 days and the Superintendent must hold a hearing thereon within 10 days of receipt of the application. If the applicant is not satisfied with the decision of the Superintendent, an appeal may be lodged pursuant to 25 C.F.R. Part 2.

The evidence at trial indicates the Acting Superintendent issued an order on November 18, 1988, which proposed the construction of a new road over Steve Fox's land which would preserve his privacy. On December 9, 1988, Appellee Hoyt Glenn submitted his application to the Superintendent for modification or revocation of the November order. In his application, he indicated his unwillingness to construct a new road at his expense and that the order be modified to officially designate the existing roadway as the method of ingress and egress to his leases. By order dated December 15, 1988, the Superintendent "withdrew and held for naught" the November order. In the December order, the Superintendent found the lessees were still being denied ingress and egress to the leasehold and that the established route, as shown by an attached aerial photograph, shall continue to be the established route of ingress and egress to the leasehold. The order further directs the Foxes to "immediately cease and desist from interfering with the established route". Other than the statement by Steve Fox that the Foxes have appealed this decision, there is no evidence in the appellate record that an appeal in conformity with the federal rules, was lodged within the thirty day period.

The evidence supports the trial court's determination that the December 15, 1988 order of the Superintendent is a final order and that pursuant to federal law, the Superintendent has the authority to establish routes of ingress and egress to Osage leaseholds. The evidence also supports the trial court's determination that the Glenns were wrongfully denied access to the leasehold by the Appellants after the December, 15, 1988 order.

The actions taken by the Foxes in locking the gate to the road after the November 18, 1988, order and before the December 15, 1988, order are not probative of whether the Foxes wrongfully denied the Glenns access to the road because at that time, the Superintendent's November order was in effect.[1] The November order provided a new road would be constructed and did not establish that the road in front of Steve Fox's house was *the* road for the Glenns to use. There was testimony that from November 25, 1988 to the date the T.R.O. was granted, January 30, 1989, the gate to the road was locked by the Foxes. We agree with the trial court that it is immaterial that there was another road that the Glenn's might have been able to use to service the wells. The Superintendent's order established the road on which the Glenns were required to travel to maintain their leasehold.

 The Foxes argue the Glenns did not establish "irreparable harm" which would entitle them to injunctive relief. They maintain any damage which occurred could be remedied in money damages, but they do not offer any method of calculation or an amount. Injury or detriment is irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount. *Hines v. Independent School District No. 50, Grant County*, 380 P.2d 943, 946 (Okla.1963). The Glenns did present evidence that production on one of the wells had declined after they were denied access to the wells for sixty days. Appellees were not required to prove damages in a specific amount. *See also Thomas v. Farrier*, 65 P.2d 526 (Okla.1937). We cannot say from a complete review of the record, that the trial court abused its discretion in ordering injunctive relief.

Finally, the Foxes maintain the trial court erred in failing to dismiss the Appellee, William A. Marlman, from the action for failure to appear. They argue his presence in court was necessary to impeach Mr. Glenn and to establish that the Glenns were not harmed by the Foxes' actions. The record indicates Appellee Marlman was not physically present at either of the hearings but that he appeared through his attorney. The Appellants did not subpoena Mr. Marlman for either hearing. The trial court did not err in denying Appellants' motion to dismiss Appellee Marlman from this action.

The judgment of the trial court is accordingly, AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.

---

1. Appellants argue on appeal the trial court erred in admitting certain documents at trial because the documents were not authenticated or identified. He cites to pages 62 and 63 of the transcript where Defendants' Exhibit 15 was admitted. Appellants do not cite any supporting authority for this argument. Defendants' Exhibit 15 is a memo from the file of the Osage Agency describing a meeting held in July, 1988. Even if this document were improperly admitted, the contents thereof are not probative of the issues on appeal.