**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-2368

RAÚL PADILLA-RUIZ; VIVIAN J. FRANCESCHINI-RODRÍGUEZ; and
CONJUGAL PARTNERSHIP PADILLA-FRANCESCHINI,

Plaintiffs, Appellants,

v.

UNITED STATES; ERIC H. HOLDER, JR., U.S. Attorney General; ROSA
E. RODRÍGUEZ-VÉLEZ, U.S. Attorney for Puerto Rico; DEPARTMENT OF
THE ARMY; JOHN MCHUGH, Secretary of the Army; LTC FRANCISCO
BETANCOURT, Commander of the U.S. Army Cadet Command, ROTC
Mayagüez; LTC JOSE PLAZA, Commander of the U.S. Army Cadet, ROTC
Mayagüez; LTC ISMAEL REYES-BETANCOURT, Commander of the U.S. Army
Cadet Command, ROTC Mayagüez; COMTEK COMMUNICATION TECHNOLOGIES,
INC.; JOHN CRAY; JOHN DOE; RICHARD ROE, and their respective
insurance companies,

Defendants, Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Torruella, Lipez and Barron,
Circuit Judges.


Juan R. Rodríguez, with whom Rodríguez López Law Offices,
P.S.C. was on brief, for appellants.
Rebecca E. Ausprung, Trial Attorney, Chief, Civilian Personnel
Branch, U.S. Army Litigation Division, with whom Rosa Emilia

Rodriguez-Velez, U.S. Attorney, and Nelson Pérez-Sosa, Assistant U.S. Attorney, Chief, Appellate Division, were on brief, for appellees United States; Eric H. Holder, Jr., U.S. Attorney General; Rosa E. Rodríguez-Vélez, U.S. Attorney for the District of Puerto Rico; Department of the Army; John McHugh, Secretary of the Army; LTC Francisco Betancourt, Commander of the U.S. Army Cadet Command, ROTC Mayagüez; LTC Jose Plaza, Commander of the U.S. Army Cadet, ROTC, Mayagüez.

Eugene F. Hestres, with whom Bird Bird & Hestres, P.S.C. was on brief, for appellees LTC Israel Reyes-Betancourt and COMTek Communication Technologies, Inc.

---

January 30, 2015

---

**BARRON, <u>Circuit Judge</u>.** Raúl Padilla-Ruiz[1] lost his job with a private defense contractor retained by the Army Cadet Command. Padilla contends the contractor fired him for leaving at various times to fulfill his obligations as a Lieutenant Colonel in the Army Reserve. Padilla sued the contractor, as well as a number of federal governmental defendants, under a number of federal statutes as well as Puerto Rico law.

The District Court dismissed all of these claims with prejudice, many for having been filed too late, the rest for otherwise failing to state a claim or for lack of jurisdiction. The defendants ask us to affirm on the same grounds and, with one exception, we do. The exception is this: The District Court directly discussed only the claims against the federal defendants. But the claims against the defense contractor under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4335, and Puerto Rico law do not suffer from the same infirmities as the other claims. Thus, we may not affirm their dismissal on that same basis.

Still, the contractor argues we may affirm the dismissal of those claims for the separate reason that the federal district

---

[1] Padilla's wife and their "conjugal partnership" -- a legal entity that holds a married couple's community property as a matter of Puerto Rico law, <u>see</u> P.R. Laws Ann. tit. 31, §§ 3622, 3641, 3661 -- joined Padilla as co-plaintiffs below and join his brief in this Court. That brief, however, fails to distinguish their claims from Padilla's own in any respect. To simplify our discussion, we therefore refer only to Padilla.

court in Puerto Rico was an improper venue for their resolution, and that Padilla cannot argue otherwise because he did not appeal the venue-based dismissal of an earlier lawsuit he had brought. Rather than address that venue issue for the first time on appeal, however, we remand these claims to the District Court. We therefore affirm in part, vacate in part, and remand the surviving USERRA and Puerto Rico law claims for the District Court to consider the venue issue.

## I.

The District Court opinion provides a detailed factual and procedural history of this case. See Padilla-Ruiz v. United States, 893 F. Supp. 2d 301, 303-04 (D.P.R. 2012). In short form, Padilla alleges that, until 2008, he worked for a private defense contractor called COMTek at a Reserve Officers' Training Corps (ROTC)[2] office at a university in Puerto Rico. Paddilla claims COMTek is a private company that contracted with the Army to "provide [the] labor force for the US Army Cadet Command," which runs the federal ROTC program.

Padilla also claims that, as a Lieutenant Colonel in the Army Reserve, he was called up at various times during his employment at COMTek for training or to active duty. Padilla alleges COMTek fired him on August 13, 2008. Padilla further

---

[2] The ROTC is a federal government program that "prepar[es] selected students" at civilian universities for "commissioned service" in the armed forces. 10 U.S.C. § 2102.

-4-

alleges that his military service prompted this firing, contrary to USERRA's prohibition of discrimination in employment against members of the armed services based on their military service. 38 U.S.C. § 4311(b).

Padilla first filed a lawsuit against COMTek and a person he alleges was one of its managers, John Cray, on July 22, 2009. Padilla brought that challenge in the federal district court in Puerto Rico. Padilla claimed his employer violated USERRA and Puerto Rico law. The District Court dismissed that lawsuit on April 26, 2010. The District Court ruled a forum selection clause in Padilla's contract with COMTek required Padilla to file suit in the Eastern District of Virginia. Padilla never appealed that dismissal. Nor did he re-file his suit in the Eastern District of Virginia. Instead, Padilla filed a new lawsuit in the federal district court in Puerto Rico on April 25, 2011. That suit is the one at issue in this appeal. Like Padilla's initial lawsuit, this one again names COMTek. It also names various federal government entities and employees, who we will call, collectively, the "federal defendants."[3]

---

[3] Specifically, Padilla sued the United States, the Attorney General, the U.S. Attorney for the District of Puerto Rico, the Department of the Army, the Secretary of the Army, and three Army officers with the U.S. Army Cadet Command -- Lieutenant Colonels Betancourt, Plaza, and Reyes-Betancourt. Padilla also named John Cray -- COMTek's alleged manager -- in this second suit, but Padilla never served Cray with process, and Cray never appeared below, so Cray is not a party before us. See S. Express, Inc. v. White, 240 F.2d 682, 683 n.1 (10th Cir. 1957).

The defendants moved to dismiss for failure to state a claim, lack of jurisdiction, and improper venue. The District Court dismissed the suit in its entirety on September 27, 2012. The District Court, however, discussed only Padilla's failure to state a claim under Federal Rule of Civil Procedure 12(b)6) and the lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over some claims, and limited its analysis to Padilla's claims against the federal defendants. This Court stayed Padilla's appeal for almost a year while Padilla served on active duty in Afghanistan. The parties agree the appeal is now ready for decision.

## II.

We review de novo the District Court's dismissal of Padilla's claims. See González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012); Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). We start with the ones Padilla brings against the federal defendants.

## A.

Padilla sued the federal defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The District Court ruled Padilla did so too late, and rejected his argument for equitable tolling. We agree. Padilla waited to sue for almost a year after the Army had denied his FTCA claim. But the statute gave him only six months in which to do so. See id.

§ 2401(b).  Padilla seeks equitable tolling of the statute of limitations.  But even if tolling is available under the FTCA, see Sanchez v. United States, 740 F.3d 47, 53-54 (1st Cir. 2014), Padilla has not shown he should benefit from it, see Padilla-Ruiz, 893 F. Supp. 2d at 306.

We also agree that Padilla's claims against the federal defendants under 42 U.S.C. § 1983 (which has no application to federal defendants) and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), (which does), are time-barred.  See Padilla-Ruiz, 893 F. Supp. 2d at 307.  Padilla waited over two-and-a-half years from the time of firing to file suit.  That is well more than the one year the law gave him to do so.  See Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 114 (1st Cir. 2009) (§ 1983); Roman v. Townsend, 224 F.3d 24, 29 (1st Cir. 2000) (Bivens).  We also agree Padilla is not entitled to equitable tolling.  See Padilla-Ruiz, 893 F. Supp. 2d at 307.

The District Court next dismissed Padilla's claims against the federal defendants under the Posse Comitatus Act, 18 U.S.C. § 1385, and the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (codified in scattered sections of 26, 29, and 42 U.S.C.).  The District Court ruled that those statutes do not create private rights of action.  Padilla-Ruiz, 893 F. Supp. 2d at 308-310.  The District Court further ruled that Padilla's claim under the Privacy

Act of 1974, 5 U.S.C. § 552a, was time-barred as to Padilla's claims against federal agencies and that there was no private right of action under the Act as to the other defendants. Padilla-Ruiz, 893 F. Supp. 2d at 309. Padilla makes no meaningful argument against any of those conclusions on appeal. We thus conclude he has waived any such argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). And while Padilla asserted a claim under the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501-597b, he abandoned that claim below and offers no argument for reviving it here. See Padilla-Ruiz, 893 F. Supp. 2d at 308.

Padilla's USERRA claims, by contrast, are timely. USERRA provides that "there shall be no limit on the period for filing" a claim under its provisions. 38 U.S.C. § 4327(b). The District Court concluded, however, that Padilla should have brought his USERRA claims before the Merit Systems Protection Board ("MSPB"), a federal administrative tribunal that generally adjudicates employment disputes between federal employees and the federal government. Padilla-Ruiz, 893 F. Supp. 2d at 308; see also 38 U.S.C. § 4324(b) ("A person may submit a complaint against a Federal executive agency . . . directly to the Merit Systems Protection Board . . . ."().

Padilla does not argue on appeal that the District Court was wrong to rule that, if Padilla could have brought his claims against the federal agencies before the MSPB, he was required to do

so. We thus treat any such argument as waived. See Exec. Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 67 (1st Cir. 1995) ("'If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court.'" (quoting Katz v. King, 627 F.2d 568, 575 (1st Cir. 1980)).

Instead, Padilla argues on appeal only that he is an employee of COMTek, instead of a government employee, and so he could not have brought his claims against the federal agencies to the MSPB. But if Padilla means to argue that the federal agencies were not his "employer[s]" as USERRA uses that term, that would mean he would have no meritorious USERRA claim to bring against them, as the Act prohibits discrimination only by "employer[s]." See 38 U.S.C. § 4311. And conversely, if Padilla contends that the federal agencies were his "employer[s]" within USERRA's use of that term, even though he was an employee of a private government contractor, then he would be conceding the MSPB would have jurisdiction over his claims. See Silva v. Dep't of Homeland Security, 2009 M.S.P.B. 189, ¶ 19 (affirming its jurisdiction over a claim by an employee of a government contractor where the employee had "made a non-frivolous allegation that DHS exercised control over his reemployment to such an extent that it should be considered his 'employer' under USERRA"). Any meritorious USERRA

claim that Padilla may have against the federal agencies is thus necessarily one that he could have brought before the MSPB.

That leaves Padilla's USERRA claims against the individual federal employees. The District Court dismissed those claims, like the other USERRA claims, for lack of jurisdiction. And Padilla's brief makes no argument for why Padilla's USERRA claims against the federal employees were within the District Court's jurisdiction. And thus, we treat this argument, too, as waived. See Zannino, 895 F.2d at 17.

**B.**

We come finally to the claims the District Court did not directly discuss in ordering the blanket dismissal: Padilla's claims against the private defendant, COMTek.[4] COMTek contends the District Court's omission does not matter. COMTek argues first that the District Court lacked subject matter jurisdiction to hear the USERRA claim against it. And while COMTek no longer presses the argument that the Puerto Rico law claims are time barred, COMTek does contend an alternative ground for dismissal is available. COMTek further argues this other ground also prevents the USERRA claim from going forward, even if a federal district court did have subject-matter jurisdiction to resolve that claim.

---

[4] If, indeed, the District Court overlooked these claims, the error is understandable. Padilla's complaint and motion papers in the District Court bordered on inscrutable, and his briefing in this Court is no better.

In particular, COMTek argues the federal district court in Puerto Rico is an improper venue for the resolution of these claims. We take these arguments in the order that COMTek presents them.

**1.**

USERRA provides that "[i]n the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action." 38 U.S.C. § 4323(b)(3). Nothing in the statute changes that rule when the private employer happens to be an employee of a government contractor. See id.; Silva, 2009 M.S.P.B. 189, ¶ 10. Thus, Padilla's USERRA claims against COMTek were within the subject-matter jurisdiction of the District Court.

**2.**

That brings us, finally, to COMTek's alternative argument for affirmance. COMTek points out that Padilla filed a previous suit against it in 2009. See Padilla-Ruiz v. COMTek Commc'ns Techs., No. 09-1695 (SEC), 2010 WL 1728311 (D.P.R. Apr. 26, 2010). That suit, like this one, concerned COMTek's 2008 decision to relieve Padilla of his duties. See id. at *1. That suit, too, included claims under USERRA and Puerto Rico law challenging Padilla's 2008 firing. See id.

The District Court dismissed that earlier suit for improper venue. The District Court concluded that a forum selection clause in Padilla's employment agreement with COMTek

allowed suit only in the U.S. District Court for the Eastern District of Virginia. See id. at *5. Padilla never appealed that judgment. COMTek thus argues under the doctrine of collateral estoppel that Padilla's claims against it -- both under USERRA and under Puerto Rico law -- should be dismissed for improper venue.

COMTek raised this argument in a motion to dismiss for improper venue in the District Court. But the District Court never addressed it. We therefore remand Padilla's USERRA and Puerto Rico law claims against COMTek for the District Court to address COMTek's venue challenge.

### III.

For the reasons discussed above, we affirm the District Court's dismissal of all claims except for the USERRA and Puerto Rico law claims that Padilla brings against COMTek. With respect to those latter claims, we vacate and remand to the District Court for further proceedings consistent with this opinion. No costs are awarded.